Wheeler, J.
It is evident that the charge of the court was calculated to impress the jury with the belief that the rule of law which holds a party concluded by his representations and admissions, which have been acted upon by others, does not apply to a married woman, and that she is in no ease bound by her fraudulent representations in respect to her separate property.
The law, however, is otherwise. While it extends its protection to the rights of a marriedwoman, it does not permit her to act fraudulently or inequitably to the injury of others. In the language of Mr. Justice McLean, in Bein v. Heath, 6 How. U. S. R., 238, “ the law protects her, hut it gives her no license to commit a fraud against the rights of an innocent party.”
A feme covert, acting on her own responsibility, may act fraudulently, deceitfully, or inequitably, so as to deprive, her of any claim for relief in a court of equity. This results from the capacity to hold property and make contracts, with whicli the law invests her. (Id., 247.) Her voluntary acts and representations made to deceive and which do deceive other’s to their prejudice, will be binding upon her. if she makes admissions and representaUous in respect to her rights of property by which others are deceived and induced -to give credit to her husband on the faith of the property, she will be precluded from asserting lior claim against the rights of those who have confided in and acted upon her representations and admissions, “Indeed,” says Story, in treating of franiln-lent concealments and representations, “ cases of this sort are viewed with so much disfavor by courts of equity that neither infancy nor coverture will con-stituir' any excuse for the party guilty of the concealment or misrepresentation. for neither infants nor femes coverts are privileged to practice deceptions or cheats on other innocent persons.” (1 Story Eq., sec. 385.)
It, is a well-settled principle of the law, from the influence of whicli not, even married women are exempted, that “admissions whicli have be.en acted upon by other’s are conclusive again-t the party making them in all cases between him and the person whose conduct ho has thus influenced.” “ Thcparty is es-topped, on grounds of public policy and good faith, from repudiating his own representations.” (I Greenl. Ev., sec. 2Ó7.)
“It makes no difference in the operation of this rule whether the thing admitted was true or false, it being the fact that it has been acted upon that renders it conclusive.” (Itl., see. 208.)
There can be no doubt that the instruction given to the jury was erroneous, and very little, I apprehend, that it induced 'them to find a verdict for the claimant in this ease.
The judgment is reversed and the canse remanded for a new trial.
Reversed and remanded.