Wheeler, J.
Two grounds are relied on for reversing the judgment, which require notice. 1st. The non-joinder of the plaintiff ’s husband. 2d. Tho ruling of the court sustaining the demurrer to the answer.
The. question respecting the necessity of obtaining the authority of tlie court to enable the wife to sue without joining her husband was settled in the en e of Jlclntire ?>. Chappell. (2 Tex. R., 378.) It was there held that the rignC to sue, iu a proper case, is one which cannot be denied the wife; that w here, the facts are such as authorize tlie action, the authority of tlie court will always.be presumed, and that no express grant of autlioritjris necessary.
But it is insisted that it should appear, expressly, that the husband had “failed or neglected” to join his wife in the suit.
The power ol exercising the “sole management” of the separate property of the wife, which tlie law confides to tlie husband, is for the mutual benefit *150 of the parties. It does not include the power of absolute disposition over the property, nor does it authorize the husband to malte any contract or do any act iu relation to it inconsistent with the wife’s right of property, or with her right concurrently with him, to the enjoyment of" its use, present or prospective. When the husband assumes the power of absolute disposition, or any control inconsistent with the marital rights of the wife, lie violates his duty and the trust reposed iu him by the law, and is responsible for it. And when, in consequence of any unauthorized act of his, violative of her marital rights, it becomes necessary for the wife to resort to suit, there is no necessity that she should join her husband in the action. His having-assumed a power of disposition or control over her property inconsistent with her rights, affords, of itself, a sufficient reason for omitting to join him iu an action which has for its object a restoration or preservation of the rights of which he has sought to deprive her. In such a case, if it be necessary that the husband be uiade a party to the suit, it should be, it would seem, iu the character of defendant rather than in that of plaint iff. This point was considered and so determined by this court iu the case of Porter and Wife v. Miller. (7 Tex. R.) This case is plainly distinguishable from those cited by counsel for the appellant.
Note 50 —A suit for the recovery of the homestead, which was community property, cannot be maintained by a married woman in her own name, her husband nob being a party to the suit. (Murphey v. Coffey, 33 T., COS.) A wife may maintain an action to protect homestead where tho husband is absent or refuses to join in the suit. (Kelley v. Whitmore, 41 T., 047.)
Note 51. — Crayton v. Munger, ante ¿85. Where a married woman was a-party to an agreement for the exchange of the homestead ior other land, which was not executed in the mode prescribed by the statute, she has the right to retract her consent to the exchange, and her refusal to consummate it is nob a fraud either in law or fact, and gives the plaintiff no right of action against her either for specific performance or for damages. (Cross v. Everts, 28 T., 523.)
Tho ruling of the court in sustaining the demurrer to the amended answer presents a graver question.
The law, while it affords protection to the marital rights of the wife in respect to her separate property, requires of her to deal justly and to respect the rights of others. The law protects the wife, but it gives her no license to commit a fraud against the rights of an innocent party. It will not permit her to practice deception and fraud upon innocent third persons who come to deal with her husband and to trust him on the faith of property. The acts and representations of the wife iu respect to her rights of property, made to deceive and which do deceive others to their injury, will bo binding upon her, and she will be precluded from asserting- her claim as against those who have confided in aud acted upon her representations and admissions, or who have been deceived to their prejudice by her fraudulent acts. This subject was considered in the ease of Cravens v. Booth, 8 Tex. R. And that case is decisive of the question we are considering against tho ruling of the court upon the sufficiency of the answer.
The judgment must therefore he reversed and the cause remanded.
Reversed and remanded.