SARAH E. SCHULTZ v. TONTY LUMBER COMPANY.

Decided June 24, 1904.

**1.—Conveyance—Improperly Authenticated Record as Proof.**

The record of a transfer of a patent or a conveyance, not properly authenticated for record, while admissible as a circumstance tending to prove the transfer or deed of conveyance, is insufficient, in itself, to prove such conclusively.

**2.—Title—Failure to Assert Claim—Outstanding Title—Evidence Insufficient to Show.**

In an action of trespass to try title brought by an heir of the original patentee of land, the present occupant, having failed to show title, can not defeat plaintiff's claim by showing an outstanding title in another person where the only evidence of such outstanding title, other than the improperly authenticated record of a transfer of the patent and conveyance of the land, is the fact that such person paid taxes on the land for two years, but never asserted any other claim; and the failure of the original patentee to assert any claim to the land is not a circumstance tending to prove the transfer of the patent since the failure of the transferee to assert title is of equal weight as proving that the land was never conveyed.

Appeal from the District Court of Montgomery. Tried below before Hon. L. B. Hightower.

*John Hamman* and *Oliver J. Tod,* for appellant.

*J. W. Lewis* and *Dean, Humphrey & Powell,* for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—This is an action of trespass to try title to a tract of 320 acres of land in Montgomery County patented by the State of Texas to Charles Lang. The appellant who was the plaintiff in the court below is one of the heirs of Lang. The defendant failed to show any title, and unless the evidence is sufficient to sustain the finding of the trial court that Charles Lang conveyed the land in controversy to John Sands on the 16th day of October, 1848, plaintiff should have had judgment therefor.

The patent was filed for record in the office of the county clerk of Montgomery County on December 2, 1848, and recorded in book N of the deed records of said county on December 8, 1848. This record shows the following written transfer on the back of the patent:

"I herewith transfer the within letter patent unto John Sands for the sum of forty dollars, the receipt of which I acknowledge herewith, signed and delivered over at Brazos Santiago, in the County of Cameron, and State of Texas, before George C. Bunner, a justice of the peace of the said State and county, this 16th day of October, A. D. 1848. Charles Lang.

"Witness my hand this 16th day of October, A. D. 1848. George C. Bunner, Justice of the Peace, Cameron County."

Under which was written in the record book:

"Filed for record at 10 o'clock a. m. December 2nd, 1848, and recorded at 10 o'clock a. m., December 8th, 1848. H. D. Boston, Clerk C. C. and R. M. C."

On the next succeeding page of the record book the following writing appeared:

"State of Texas, County of Cameron.  Charles Lang to John Sands:

"Know all men by these presents, that I, Charles Lang, in and for the consideration of the sum of forty dollars to me in hand paid by John Sands, the receipt whereof I hereby acknowledge, have bargained, sold and quitclaimed, and by these presents do bargain, sell and quitclaim unto the said John Sands and his heirs and assigns forever all my right, title and interest, estate, claim and demand, both at law and in equity, as well in possession as in expectancy of, in and to all that certain tract of land situated and described as follows:  In the State of Texas, in Montgomery District, on Caney Creek, a branch of the San Jacinto River and containing 320 acres of land, the limits and boundaries of which 320 acres of land are defined in patent No. 100, vol. 4, third class, granted to me, the said Charles Lang, at the city of Austin, in the State of Texas, and signed by A. C. Horton, Governor of Texas, and Thomas W. Ward, Commissioner of Patents, on the 13th day of November, in the year of our Lord eighteen hundred and forty-six, and which said patent I give, transmit and deed over to the said John Sands by these presents.

"Done at the port of Brazos de Santiago, in the county of Cameron, and State of Texas, before George C. Bunner, a justice of the peace and acting notary for said State and county, this 16th day of October, in the year of our lord eighteen hundred and forty-six.  Charles Lang.

"Witness my hand and notarial seal the day and year first above mentioned.  George C. Bunner, Justice of the Peace, Cameron County."

This record further shows that the seal of a notary public for Cameron County was attached to the certificate of verification signed by George C. Bunner.  In connection with the introduction of this record it was shown that the attorneys for plaintiff and defendant had entered into a written agreement that the original records of Montgomery County might be read in evidence, in lieu of certified copies thereof, by either party, without affidavit and proof of loss of the original instruments.

Plaintiff admitted that the record book which contained these writings was the genuine and original record book of deeds for Montgomery County and contains all the deeds recorded in said county from August 28, 1848, to August 14, 1851.  The pages of said record book preceding and succeeding the pages containing the writings above set out contain the record of deeds properly authenticated for registration.  These deeds all appear to have been recorded in the order in which they were filed and purport to have been filed and recorded by H. B. Boston, clerk of the County Court and recorder for Montgomery County.  The records of the Comptroller's office show that the land was rendered for taxes and the taxes thereon paid by John Sands for the years 1848 and 1849, and was rendered for taxes and the taxes paid thereon by Richard King from 1850 until his death, and after the death of said King by

his surviving wife until 1900, when she sold the premises to Philip R. Smith, who purchased as trustee for the appellee. The taxes have been paid by the appellee since the purchase by Smith. There has never been any possession of the land by anyone. Richard King is shown to have claimed ownership of the land for many years and his widow asserted claim thereto continuously after his death until she sold to Smith. Charles Lang resided in Galveston County about forty years ago. As to how long he lived there and at what place in Texas he resided before or after the time he lived in Galveston the record is silent. He left Texas and went to California about twenty-five years ago, and died there. It is not shown, independent of the purported conveyance to Sands, that he ever exercised any acts of ownership over the property in controversy or that he ever paid any taxes thereon. Since his death his heirs have paid no taxes on the land, nor have they asserted any claim thereto until shortly before the filing of this suit. There is no evidence as to who John Sands was or where he lived. The only evidence that such a person ever existed is found in the writing upon the deed records of Montgomery County before set out, and in the records of the Comptroller's office before referred to. There is no other evidence that he ever asserted any claim to the land, nor is there any evidence that any one has ever asserted claim thereto under him.

Neither the purported transfer of the patent nor the conveyance from Lang to Sands before set out is authenticated for record in accordance with the statutes in force at the time they purport to have been executed, and therefore the transcribing of these instruments upon the record book did not make them legal records sufficient in themselves to prove the execution of the original instruments of which they purport to be copies. Pasch. Dig., arts. 5007, 5008; McDaniel v. Needham, 61 Texas, 271; Heintz v. Theyer, 92 Texas, 658; Huff v. Webb, 64 Texas, 284.

It is well settled, however, that the execution of a lost deed may be proved by circumstances. Bounds v. Littel, 75 Texas, 316; Crain v. Huntington, 81 Texas, 614; McCarty v. Johnson, 20 Texas Civ. App., 184, 49 S. W. Rep., 1098.

In the case last cited this court held, in a well-considered opinion by Justice Williams, that the record of a deed improperly authenticated for registration was admissible in evidence as a circumstance tending to prove the execution of a deed claimed to have been lost and of which the record purported to be a copy. Under this decision the record in question was properly admitted in evidence, but we do not think this record, considered in connection with the other evidence in the case, is sufficient to show the execution of the purported conveyance of the land to Sands. The only circumstances shown by the evidence, in addition to the illegal record, which tend to support the conclusion that such conveyance was made are the payment of taxes by Sands for two years and the failure of Lang to exercise any act of ownership over the land or assert any claim thereto.

The defendant does not deraign title under Sands, and its vendors'

assertion of title in no way tends to prove the existence of the Sands deed, because they are not shown to have been claiming under that deed. In each of the cases above cited in which the circumstances in evidence were held sufficient to show the execution of a lost deed there was proof of the possession of the land or the exercise of other acts of ownership coupled with a continued assertion of title by parties claiming under said lost deed. In the case we are considering it is not shown that Sands was ever in possession of the land, and the only circumstance tending to show he claimed it is his payment of the taxes for the years 1848 and 1849. If the failure of Lang to actually assert a claim to the land is entitled to any weight as a circumstance tending to prove the execution of the deed to Sands, the failure of Sands to assert claim thereto is entitled to equal weight as tending to prove that the land was never conveyed to him by Lang.

If this were a suit between appellant and Sands or his heirs, we think it clear that under the evidence in this record appellant should recover the land, and this is in effect the question present in the instant case, the defendant having failed to show title to the land and seeking to defeat plaintiff's suit by showing an outstanding title in John Sands or his heirs. We are of opinion the judgment of the court below should be reversed and judgment here rendered in favor of appellant, and it is so ordered.

*Reversed and rendered.*

Writ of error refused.