### ESTATE M. T. JONES ET AL. v. A. N. NEAL ET. AL.

#### Decided December 5, 1906.

**1.—Objections to Evidence—Assignments of Error—Appeal.**

Appellants will be confined on appeal to the specific objections made to evidence in the trial court, and propositions set out in the brief will not be considered unless based on such objections as shown by the bill of exceptions.

**2.—Lost Deed—Secondary Evidence—Deed Records.**

A proper predicate having been laid for the introduction of secondary evidence of a lost deed, the pages of the record book of deeds containing a copy of such deed were competent and proper as a circumstance to prove the existence, execution and contents of said deed.

**3.—Same—Circumstantial Evidence of Genuineness.**

The fact that a deed made in 1846, three years after the date of the lost deed, referred to said lost deed; that in 1884 the executor of the grantee in said deed claimed the land conveyed thereby for the estate, and appointed an attorney in fact to recover the land from an adverse claimant and to sell the same; that defendants claim a portion of the land through a deed made by said attorney in fact; that a witness who had lived near the land for many years testified that it was known among the old settlers as the grantee's land, and the fact that the grantor nor his heirs asserted any title to the land until recently, taken together, were sufficient to establish the genuineness of a lost deed.

**4.—Absence of Acknowledgment—Ancient Instrument.**

A lost deed proved to be more than thirty years old, and in the custody of

one who represented the owner when last heard of, may be introduced in evidence although not acknowledged or proved up for record.

**5.—Ancient Instrument—Presumption of Power.**

The power under which a deed, admissible in evidence as an ancient instrument, was executed, will be presumed.

**6.—Trial—Evidence—Objection.**

An objection to evidence, not made at the time of the trial, can not be made the ground of motion for new trial.

**7.—New Trial—Newly Discovered Evidence—Impeachment of Witness.**

Where the defendant might have anticipated what evidence the plaintiff would probably introduce, and his sources of information, and used no diligence in investigating such sources of information nor in securing rebutting or impeaching testimony, a new trial is properly refused. A new trial is seldom, if ever, granted on the ground of newly-discovered evidence when its object is to impeach the witnesses of the successful party.

**8.—Married Woman—Fraud—Estoppel.**

A married woman having falsely represented by the recitals in a power of attorney that she was a feme sole, and that she and those who joined with her in the execution of said power were the only heirs of a certain ancestor, is estopped from repudiating the act as against one who acted on such representations. An estoppel by deed is essentially different from an estoppel in pais.

Appeal from the District Court of Newton County. Tried below before W. B. Powell.

*T. W. Ford, T. H. Stone* and *T. C. Ford,* for appellant.—The transcribing upon the records of his office of a deed not properly acknowledged is an unauthorized act of the recording officer, and such record is not admissible to establish the execution of a deed.

The record in one county of a copy from the records of another county of a purported deed not acknowledged by the grantor is not admissible in evidence as a circumstance to establish the execution of a deed, nor for any other purpose.

The record of a deed improperly acknowledged, or not at all acknowledged, so as to entitle it to record, with evidence that at one time the tract of land was called in the community where it is situate by the name of the grantee in such deed, with no other circumstance of possession or ownership by such grantee, is insufficient to establish the execution of such deed. Heintz v. Thayer, 92 Texas, 659; McLaughlin v. McManigle, 63 Texas, 553; Heintz v. Thayer, 50 S. W. Rep., 175; Patrick v. Nance, 26 Texas, 299; Lowry v. Harris, 12 Minn., 255.

Though record was admissible, not sufficient with other circumstances to establish execution and delivery of deed. Schultz v. Tonty Lbr. Co., 82 S. W. Rep., 353; McCarty v. Johnson, 49 S. W. Rep., 1098; Hilburn v. Harris, 2 Texas Civ. App., 395; Wolf v. Mahan, 57 Texas, 174; Texas & Pac. Ry. v. Barron, 78 Texas, 452; Houston & T. C. Ry. Co. v. Forsythe, 49 Texas, 179.

Where, upon a trial, a witness testifies to statements made or acts done by another, motion for new trial should be granted, in which it is shown that such statements and acts will be denied, and that at time of trial the party said to have made them could not be produced at trial. Texas & Pac. Ry. v. Barron, 78 Texas, 452.

*W. D. Gordon,* for appellees.—The instrument was admissible in evidence as an ancient instrument and proved itself, irrespective of any acknowledgment.

(a) That the instrument was admissible as a circumstance in connection with other circumstances, tending to show that such a deed from James English in fact was executed; and (b) That the recital of the clerk in 1843 that the deed was in fact properly acknowledged, raises the presumption that the acknowledgment, which the clerk did not copy, was in fact made, and in law sufficient. Allan v. Read, 66 Texas, 19; Winn v. Patterson, 9 Pet. (U. S.), 675, 676; 1 Greenleaf Ev., sec. 141-143; Guinn v. Musick, 41 S. W. Rep., 725; Heintz v. Odonnell, 42 S. W. Rep., 798; Emanuel v. Gates, 3 U. S. C. C. A., 663; Holmes v. Coryell, 58 Texas, 688; Brown v. Simpson, 67 Texas, 231; Bounds v. Little, 75 Texas, 316. ·

We also refer to the validating act of 1860, validating previous records and to a decision construing it (McCelvey v. Cryer, 28 S. W. Rep., 691).

FLY, Associate Justice.—Appellees instituted this action of trespass to try title against appellants to recover 1107 acres patented to James English on October 17, 1835. Appellants pleaded not guilty and three, five and ten years limitations. Louisa Jones, Jennette Jones, W. E. Jones and J. D. Hunting and wife were dismissed from the suit, and on trial before the court, without the aid of a jury, it was adjudged that A. N. Neal, James W. Neal, James A. Stephens and wife, Nannie P. Stephens, M. Lowe and his wife, Ida N. Lowe take nothing by the suit, and that the other plaintiffs (appellees), recover of J. M. Rockwell, Jesse H. Jones, T. W. House, A. J. Schureman and H. D. Timmons, individually and as executors of the will of M. T. Jones, deceased, an undivided one-half of the land sued for.

Appellees introduced in evidence pages 173 and 174 of vol. Q of deed records of Newton County, Texas, showing the following instrument recorded therein to wit:

"The Republic of Texas,⎰
County of Shelby.          ⎱

Know all men by these presents: That whereas James English of the county of Houston, in said Republic did on the sixth day of January, A. D. 1842, under his hand and seal elect constitute and appoint George English his attorney in fact for him the said James English, and in his name, place and stead authorized and empowered the said George English of the county of Shelby *apousaid* to make, execute and deliver to one Ira Harris of the county of Shelby *apousaid Tilles* to several tracts or parcels of land *among others them* one tract or parcel of land situated, lying and being in the county of Sabine, Republic aforesaid on the waters of the Sabine River in Zavalas Colony *commensing* its *measurment* at the southwest corner of E. *Tallvs* survey of land granted to the said James English by the commissioner of the Mexican Government George A. Nixon on the 17th day of October, A. D. 1835.

"Know, therefore, know all men by these presents that I, George Eng-

lish, attorney in fact for James English as aforesaid in consideration of the sum of *Eleven Hundred and Twenty-five Dollars* to me in hand paid by Ira Harris of the county of Shelby *afousaid* have granted, bargained, sold and released and by these presents do grant, bargain, sell and release, unto the said Ira Harris all that peace or parcel of land situated as above described as will more fully by reference to the deed above mentioned from the commissioner George A. Nixon to the said James English, together with all and singular the rights, members, hereditaments and appurtenances to the same belonging or in anywise incident or appertaining.

"To have and to hold all and singular the premises above mentioned, unto the said Ira Harris, his heirs and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof.

"Witness my hand and seal this the 7th day of February, A. D. 1843.

(Seal) James English, by his attorney George English.

"Signed, sealed &
delivered in presents.
of us R. T. Wheeler,
    K. L. Anderson.

"The Republic of Texas,⎰
County of Shelby.   ⎱

I, Certify that the above and foregoing deed with the proper acknowl-ed*gemnt* of the same is duly registered in my office as more fully shows in the records book D, page 57.

Witness G. W. Scott, Clk. C. C. S., per deputy Amos Hale.

Given under my hand March 8, A. D. 1843.

(no seal) G. W. Scott, Clk. C. C., per Deputy Amos Hale.

"For value received I, Ira Harris of the Republic of Texas, and County of Shelby, attorney in fact of Asmas A. Harris do transfer all my right, title and interest as above to the within to E. D. Hanna of Natchitoches Parish, Louisiana.

"Witness my hand and seal this 10th day Feby., 1846.
"The words to the within               Ira (his mark) Harris.
interhim before signed.
Attest H. Cozast,
    A. McLamore."

Also the record book of deeds of Newton County containing the following instrument:

"Republic of Texas,⎰
Shelby County,   ⎱

Know all men by these presents, That I, Osmand Harris of this residence did on the fourth of November Eighteen hundred and forty-four under his hand and seal elect constitute and appoint Ira Harris of said residence his attorney in fact for him, and in his name of the said Osmas A. Harris and in his room place and stead *anshouse* and appoint the said Ira Harris to rent or sell and make titles in fee simple, and deliver several certain tracts of land, among which was one certain tract

of land lying partly in Jasper and in Sabine Counties, Republic afore-said and, the waters of Sabine River in the Zavallas colony.

"Commencing its measurement at the southwest corner of E. Talley's survey of land and containing Eleven hundred and seven acres or one fourth of a league of land granted to James English by the commissioner of the Mexican Government George A. Nixon on the 17th day of Oc-tober Eighteen Hundred and thirty-five (1835) and sold by George English attorney in fact of said James English both of this Republic George English of Shelby County and James English of Houston County to Ira Harris of this residence by deed bearing date the 7th day of February Eighteen hundred and forty-three (1843) and again sold and delivered by the said Ira Harris to the above named Osmas A. Harris by deed dated 1st day of October Eighteen hundred and forty four (1844).

"Now, I the said Ira Harris attorney as above have for and in *siderat-ing* of the sum of thirteen hundred dollars, to me in hand paid by Eliza D. Hanna of the Parish of Natchitoches and state of Louisiana the re-ceipt whereof is hereby acknowledged, bargained sold and conveyed and delivered unto the said Hanna the above described or intended to be described tract of land for a fuller description of which reference is made to the above Spanish deed made by G. A. Nixon and dated October 17th, 1835, with all the rights and appurtenances thereto belonging.

"To have and to hold in fee simple forever and the said Harris attorney as above and for himself as being once owner of said land bind himself his heirs, *admisistrators asnd* assigns &c. to warrant and forever defend the title of and to said land to the E. D. Hanna her heirs and assigns &c. forever.

"In testimony whereof I have hereunto set my hand and affixed my scrowl meant for a seal this tenth day of February Eighteen hundred and forty-six (1846).

Attest H. Cozast,                                    Ira (His mark) Harris.
        A. McLarmore.

"State of Texas,  }
County of Shelby. {

Personally appeared A. McLamore, before me Robert Turrn C. J. and Ex. Off. *Noton* Public and after being duly sworn depouth and sayeth that he heard Ira Harris *ackolledg* the foregoing instrument to be his own act and deed and done for the purposes therein expressed.

Given under my hand and seal office this 30th, of March 1840.

                    (Seal) Robert Turrm C. J. and Ex Offo. *Notor* Pub."

Appellees introduced the will of Eliza D. Allen, who was proved to have been Eliza D. Hanna, and was a feme sole when she died, in which she bequeathed all her property except $200 and a house and lot in Hot Springs, Arkansas, to her sister M. M. Neal. The latter was the ancestor of appellees and they inherited all of her property. The court-house in Shelby County was destroyed by fire about 1880. The deed from James English, by his attorney in fact, George English, to Ira Harris, and from Harris to E. D. Hanna, were recorded in Newton County in 1897, and the county and district clerk swore that they were

old and faded and that some of the words were illegible, and that he copied them into the record of deeds as best he could, and underscored each word that he could not make out. He said that he thought he got the deeds from K. B. Seale and after they were recorded returned them to him. Appellants claim through a deed made by the heirs of James English, by their attorney in fact, M. C. Johnson, of date December 16, 1897, executed to Alice Murphy; by Alice Murphy to H. Masterson, and Masterson to executors of estate of M. T. Jones. It was shown that K. B. Seale, who sent the deeds to the clerk for record and to whom they had been returned, had a power of attorney to sell the land from W. H. Barry, as executor of the estate of Eliza D. Allen, and that he made a deed, to a part of the land in controversy in 1887 to G. W. Norsworthy. This fact is found as tending to show that he probably had the old deeds in his possession.

The first, second, third and fourth assignments present as error the action of the court in allowing the record of the deed from James English, by his attorney in fact, George English, to Ira Harris to be used as evidence. The grounds of objections to the records, as disclosed by the bill of exceptions, were as follows:

"First.—That no power of attorney or written authority was shown to be in George English to execute said instrument.

"Second.—Because said instrument does not show any acknowledgment by George English personally, or as attorney in fact, and the same is not properly authenticated for record.

"Third.—Because said instrument shows upon its face that there was no seal attached to said purported deed, or to the certificate of the clerk which is attached to and follows the copy of said instrument and is dated March 8, 1843."

Appellants will be confined, in this court, to the specific objections made to the evidence in the trial court, and none of the propositions set out in the brief or supplemental brief will be considered unless based on the foregoing objections embodied in the bill of exceptions. (Herndon v. Casiano, 7 Texas, 322; Kimmarle v. Houston & T. C. Ry., 76 Texas, 692.)

Under the agreement, made by the parties in this case, proof of loss of the originals of any instrument of writing desired to be introduced in evidence was not required, and, therefore, when the record book of deeds of Newton County was introduced in evidence no objection was urged on the ground of its being secondary evidence of the contents of the deed from James English to Ira Harris. The admissibility of the deed must be passed on as though an affidavit of loss of the instrument had been made.

The proper predicate having been laid for the introduction of secondary evidence, any circumstance tending to prove the execution and former existence of the deed was relevant and proper. As a circumstance to prove the execution of a deed from James English to Ira Harris, a remote vendee of appellees, that portion of the record book of deeds of Newton County on which was spread the copy of such deed was legitimate and proper. Especially was this so in the light of the evidence of the county clerk who copied the deed into the record and testified that it

was a literal copy of the deed, so far as he could decipher it, and that the deed, together with that from Ira Harris to E. D. Allen, had, he thought, been sent to him by K. B. Seale, and after being recorded were returned to Seale. He further testified that the instruments were old and faded and that correct copies of them had been made so far as he could decipher them. A consistent claim of right was shown under the deed from James English and there had been no claim before 1897, by the heirs of English to any part of the land. The propriety of the introduction of the record book of deeds as a circumstance to show the execution and contents of the lost deeds is sustained by ample authority. (Crain v. Huntington, 81 Texas, 614; Heintz v. Thayer, 92 Texas, 658; Baylor v. Tillebach (Texas Civ. App.), 49 S. W. Rep., 720; McCarty v. Johnson (Texas Civ. App.), 49 S. W. Rep., 1098; Schultz v. Tonty Lumber Co. (Texas Civ. App.), 82 S. W. Rep., 353; Simmons v. Hewett (Texas Civ. App.), 87 S. W. Rep., 188; Veatch v. Gray (Texas Civ. App.), 91 S. W. Rep., 327.)

In the case of Crain v. Huntington, above cited, the Supreme Court said: "The fact that a deed answering in every particular to that sought to be established appeared upon the record of deeds of Shelby County is a circumstance tending strongly to show that such a deed was executed." And in the case of Heintz v. Thayer, while it is held that copies of the record of instruments improperly recorded could not be used as evidence, yet it is intimated that the record book itself might be used to prove that there was such a writing on its pages. There can be no doubt about this proposition when the book is introduced in connection with testimony of the man who inscribed it therein, that it was a true copy of the original. If a copy of the original had been made by any one in any book, or on anything else, and he swore to the correctness of the copy, it would be proper evidence. It would be a most effective way of proving up the contents of a lost instrument, much more trustworthy than the testimony of a witness as to the contents of a lost deed, from memory, which has never been excluded in such cases. This view is sustained in the case of McCarty v. Johnson, hereinbefore cited, wherein it is said: "But, while these instruments were not properly registered, we are of the opinion that the fact of the existence of the record, and what it purported to be, was admissible, under general rules of evidence, as circumstantial evidence tending to prove the existence, genuineness and contents of the deeds under which plaintiff claimed. . . . In a country where titles are expected to be registered, the first place where traces of a lost deed are sought is among the records. If the record of a deed be regular, the statute gives to it a certain effect which it can not have if it has not been duly made. If it be not regular, it does not follow that its existence may not be a circumstance legally admissible as tending to show that the thing copied, also had a real existence." The principle stated holds good, although there be no proof of claim under the deed, the want of other circumstances sustaining the execution of the deed having the effect merely of weakening the probative force of the fact proved by the imperfect record of the deed. The relevance of such testimony does not hang upon proof of other facts sustaining it. It is so held in Schultz v. Lumber Co. cited hereinbefore. In this connection it is pertinent to state that the deed of James Eng-

lish was referred to in the deed from Ira Harris to Eliza D. Hanna, executed in 1846, three years after the execution of the English deed, and in 1884, W. H. Barry, executor of the will of Eliza D. Allen, formerly Hanna, claimed the land for the estate and appointed K. B. Seale, attorney in fact, to recover the land from any adverse claimant and to sell the same. Through a deed from K. B. Seale, by virtue of his power of attorney, appellants claim a portion of the land. In addition to the other circumstances it was shown, by a witness, who had lived about a mile from the land since 1870, that it was known among the old settlers as the Hanna tract. These circumstances taken with the fact that the heirs of English asserted no title to the land until the latter part of 1897, we think, were sufficient to establish the genuineness of the deed from James English to Ira Harris and from Harris to Eliza D. Hanna.

The deeds were of sufficient age to make them ancient instruments, and their custody having been traced back to K. B. Seale, who represented the estate of Eliza D. Allen, the necessary characteristic of the deeds in that respect was sufficiently shown, and they could be introduced in evidence as ancient instruments. Being ancient instruments and as such admissible in evidence, the power under which they were executed will be presumed. (Watrons v. McGrew, 16 Texas, 513; Dailey v. Starr, 26 Texas, 562; Veramendi v. Hutchins, 48 Texas, 552; Williams v. Conger, 49 Texas, 600; Harrison v. McMurray, 71 Texas, 122; Garner v. Lasker, 71 Texas, 431; Harris v. Nations, 79 Texas, 409.)

What has been written in regard to the deed of English to Harris applies with equal force and appropriateness to the deed from Harris to Hanna. The circumstances surrounding one surround the other.

Our conclusions of fact dispose of the fourteenth and fifteenth assignments of error, which question the sufficiency of the evidence to sustain the verdict.

The custody of the English and Harris deeds was not questioned in the trial court, and no objection was urged to the deeds on that score, and it was too late after the trial to endeavor to make that an issue in the case. Even if it be admitted that Seale did not have possession of the deeds, and that his affidavit denying that he had placed the deeds in the hands of the county clerk for registration or that they were ever returned was true, it was an issue not raised on the trial and the motion for a new trial was properly overruled.

The record of the deeds disclosed that they had been recorded by a person who was then and up to the time of the trial the county clerk of Newton County, and appellant should have anticipated that it would be shown by said clerk from whom he received the deeds and the least diligence would have disclosed the character of his testimony. Appellants failed to allege any facts indicating any diligence whatever in discovering the evidence of K. B. Seale as to his custody of the deeds. Seale lived only 16 miles from the courthouse and no effort was made to postpone the trial after the county clerk had testified.

Again, the avowed object for desiring the newly discovered testimony was to impeach the county clerk, and it is firmly settled in Texas that a new trial will rarely, if ever, be granted on the ground of newly discovered evidence when its object is to impeach the witnesses of the suc-

cessful party. (Scranton v. Tilley, 16 Texas, 183; Mitchell v. Bass, 26 Texas, 372; Houston St. Ry. v. Sciacca, 80 Texas, 350.)

In 1898, Mrs. Nannie B. Stephens, a married woman, joined with A. N. Neal, and Ida N. Lowe and her husband M. Lowe, in executing a power of attorney to M. C. Johnson to sell the land in controversy, and, by virtue of that power, he executed a deed to Murphy, which forms a link in one of the chains of title of appellants. Mrs. Stephens was not joined by her husband, but it was recited in the power of attorney that she was a feme sole, and there was the further representation that those who executed the power of attorney were the only heirs of Mrs. M. M. Neal. Both of those recitals were false. The law extends its protection to the rights of married women, but it does not license them to perpetrate frauds on those with whom they deal, to their injury. Mrs. Stephens having represented that she was a *feme sole* and that she and others who executed the power of attorney were the only heirs of M. M. Neal, and the party who bought the land from her attorney in fact having acted on that representation, on grounds of public policy and good faith she is estopped from repudiating the act. (Cravens v. Booth, 8 Texas, 243; O'Brien v. Hilburn, 9 Texas, 297; Ryan v. Maxey, 43 Texas, 192; Johnson v. Bryan, 62 Texas, 623; Heirs of Corzine v. Williams, 85 Texas, 499.)

In the case last cited the court says: "The doctrine of an estoppel by deed is essentially different from that of an estoppel in pais, and is founded upon the theory that the parties have contracted upon the basis of the recited facts." The recitals in the power of attorney represented that Mrs. Stephens was a single woman, and upon the basis of that recitation the land was sold. By that recitation she perpetrated a fraud upon her vendee and she can not be heard to repudiate it after she enjoyed the fruits of the sale. This disposes of her cross-assignment of error. The judgment is affirmed.

*Affirmed.*

Writ of error refused.