LOE et al. v. BELLGARDT et al. (No. 5903.)

(Court of Civil Appeals of Texas. San Antonio. March 31, 1917.)

1. INJUNCTION ⬤⟲118(1)—CONSTRUCTION—INFERENCES AGAINST PLEADER — ACTION — PLEADING.

In a suit for an injunction, if the material elements which entitle plaintiff to relief are not alleged with sufficient certainty to negative reasonable inference from the facts stated, such inference will be taken as true.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 223–232, 234.]

2. HOMESTEAD ⬤⟲177(1) — CONSENT TO RELEASE OF LIEN ON LAND.

A wife, having sold part of a tract of land subject to a lien, and consented to a release of the lien on that part, is estopped from asserting against the holder of the lien the right to have the land sold made subject to lien before the homestead.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 344, 347.]

3. MARSHALING ASSETS AND SECURITIES ⬤⟲11 — PLEADING — SUFFICIENCY — ALLEGATION OF VALUE—STATUTE.

Under Rev. St. 1911, art. 4647, providing that no injunction shall be granted to stay a judgment except to the extent complainant shall in his petition show himself entitled to relief, failure to allege value, in a petition for an injunction, of a lot which it is alleged should be subject to payment of a lien before the homestead, gives the court no basis upon which to make a decree.

[Ed. Note.—For other cases, see Marshaling Assets and Securities, Cent. Dig. § 14.]

Appeal from District Court, Kendall County; R. H. Burney, Judge.

Action for an injunction by Ellen McGoff Loe and husband against Louisa Bellgardt and another. Judgment for defendants, and plaintiffs appeal. Affirmed.

Lipscomb & Lipscomb, of San Antonio, for appellants.

MOURSUND, J. This is an appeal from an order refusing to grant a temporary injunction. The facts, briefly stated, are as follows: On November 7, 1913, J. P. and Carrie Harkreader conveyed to plaintiff C. J. Loe lot No. 34 in Boerne, and as part of the consideration Loe executed two notes, one for $1,950 and the other for $1,400, due two and three years after date. A vendor's lien was retained. Plaintiffs C. J. Loe and Ellen McGoff Loe, his wife, immediately subdivided the property into ten lots and a street and alley. Lot No. 1 was separated from the remainder by the street. They es-

tablished their home on lot 1, and have continuously resided thereon ever since. After making their home on lot 1, the other lots, representing in quantity and value more than half of the entire property, were released from the payment of the vendor's lien notes by defendants, or those under whom defendants claim, the holders of said notes, and no part of the value of such lots or the proceeds of the sale of same was applied to the payment of or credited upon the notes, and all of said lots were subsequently sold, Mrs. Loe joining in all deeds except one. Plaintiffs further alleged that no part of the consideration was received or appropriated by Mrs. Loe. Defendants Louisa and George Bellgardt acquired the notes with full notice of said facts alleged, and sued C. J. Loe and obtained judgment against him for the amount due on said notes and for foreclosure of the vendor's lien on said lot No. 1, to which suit Mrs. Loe was not a party. An order of sale has been issued on said judgment, and a sale of lot No. 1 has been advertised to take place on the first Tuesday in April, 1917. It was alleged that, unless restrained, the sheriff will make such sale, and place the purchaser in possession of the property. It was further alleged that the lots other than No. 1 have always been, since the establishment of plaintiff's home on lot No. 1, of the value of at least $4,400; that lot No. 1 is only liable for its proportionate part of the debt, and that until it shall have been determined that the remainder of said lot No. 34, so subdivided as aforesaid, either was of no value whatever, or would not, at forced sale, bring any part of the amount due upon such notes, and that the necessary effect of releasing the vendor's lien retained against all of said property to secure the payment of such purchase-money notes as to the remainder of said lot No. 34, and foreclosing the same as against said lot No. 1, of said subdivision of said lot No. 34, alone, is to create and impose upon said lot No. 1 an additional burden and lien, contrary to the Constitution and laws of the state of Texas. Plaintiff Ellen McGoff Loe averred her readiness to do what the court may determine to be just and right if it should be held that lot No. 1 was liable for any part of the unpaid purchase money. The prayer was that the defendants and the sheriff be perpetually enjoined from selling the property under said order of sale, and that a temporary injunction be issued pending the suit. No answer was filed, so the case comes to us upon the allegations of the petition alone.

[1-3] The right of Ellen McGoff Loe and her husband to require all property subject to the vendor's lien, other than the homestead, to be sold before the homestead is sold, rests upon the equitable doctrine of marshaling assets, and upon that alone. In this case it would not subserve the purposes

of equity to permit Mrs. Loe to invoke that doctrine, for she has consented to the release of the property other than the homestead, and if it were material, we would be required under the rule relating to pleadings in injunction cases to take it for granted that such consent was evidenced by an instrument privily acknowledged, for appellants have failed to negative such state of affairs. Schlinke v. De Witt County, 145 S. W. 660, and cases cited. Having consented to the release of the lien on certain property, it would be inequitable for her now to be permitted to object to the sale of the remainder to satisfy the lien, and to demand that the value of the released portion be deducted from the debt before a sale is made. In Speer's Law of Marital Rights we find the following rule stated:

"But in matters not controlled by the statute of conveyances, this rule [meaning rule of immunity from estoppel] has no application, and the rules of equitable estoppel apply to her conduct. So, in pursuance of sales of her personal property, her partition deeds, agreements concerning her boundaries, condemnation proceedings, and the like, by acquiescence, accepting benefits and in similar ways, she may estop herself." San Antonio v. Grandjean, 91 Tex. 430, 41 S. W. 477, 44 S. W. 476; McKinney v. Matthews (Sup.) 6 S. W. 793; Cravens v. Booth, 8 Tex. 243, 58 Am. Dec. 112; Jones Estate v. Neal, 44 Tex. Civ. App. 412, 98 S. W. 417.

In this case, Mrs. Loe consented to the release, joined in all conveyances except for one lot, and merely alleges that the proceeds derived from the sales were not applied to satisfy the debt held by appellees. The release may have been obtained in good faith by the husband, and no fraud on his part was alleged, in order to sell the other lots and apply the proceeds to the satisfaction of the lien debt, in which case it appears that his failure to do so should not be charged to the holder of the lien. Again, while she did not receive the proceeds, the same may have been applied to improve the homestead. We do not believe she can be heard to invoke any equitable principle, when, under the facts, equity and justice demand that she be not permitted to do so. The rule announced in the cited cases was applied in the case of Henkel v. Bohnke, 7 Tex. Civ. App. 16, 26 S. W. 645, in which it was held that a wife is estopped by making a conveyance of part of the land subject to a lien, as against the purchaser, from asserting as against him in equity to have his land sold before the homestead. In this case, Mrs. Loe joined in the conveyance of all lots except one, and it is not negatived that she privily acknowledged the conveyances. As against such purchasers she would be estopped, and, having consented that the lien be released so that she could make such sales, she would also be estopped as against the holder of the lien. If the estoppel as against the holder of the lien were dependent upon estoppel as against purchasers, it might be

contended that as to the one lot, in the conveyance of which she failed to join, there was no estoppel. But if that were the case, she would only be entitled to restrain the sale to the extent of the value of said lot, and, having failed to allege its value, the court had no basis upon which to make a decree, even if Mrs. Loe had been entitled to have the debt reduced to that extent. Article 4647, R. S. 1911.

The judgment is affirmed.