## W. E. STEWART LAND CO. et al. v. TERRELL. (No. 7216.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 5, 1924. Rehearing Denied Dec. 17, 1924.)

1. **Vendor and purchaser** ⊕⟶111—Nondelivery of deed is "fundamental and substantial breach of contract" justifying rescission.

Nondelivery of deed, under contract requiring delivery on payment of half the price and execution of vendor's lien note for balance, is a "fundamental or substantial breach of contract," justifying rescission, within Complete Tex. St. 1920, or Vernon's Ann. Civ. St. Supp. 1922, art. 3973a.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Breach of Contract.]

2. **Vendor and purchaser** ⊕⟶182—Purchaser held not in default until vendor delivered deed and demanded payment of balance.

Purchaser who had paid half the price, under a contract requiring delivery of deed up-

on payment of such half, was not in default until vendor had delivered deed and demanded payment of balance.

**3. Vendor and purchaser ⬳114—Purchaser standing on contract held not to have waived right of rescission.**

Purchaser, under contract requiring delivery of deed upon payment of half the price, did not waive right of rescission, nor is he estopped to rescind, upon vendor's failure to deliver deed, where he stood on his contract, and repeatedly demanded a deed, and remained in possession of land.

**4. Vendor and purchaser ⬳343(4)—Purchaser not required to bring action for vendor's failure to deliver deed until vendor repudiates contract.**

Purchaser, under contract requiring delivery of deed upon payment of half the price, balance to be secured by vendor's lien notes, need not take affirmative action to protect his rights, upon vendor's failure to deliver deed, until vendor repudiates his contract and seeks to recover on the notes.

Appeal from District Court, Hidalgo County; L. J. Polk, Judge.

Action by C. T. Terrell against the W. E. Stewart Land Company and others. From a judgment for plaintiff, defendants appeal. Appeal against the receiver of the W. E. Stewart Land Company dismissed; in other respects, affirmed.

Wm. S. West, of Brownsville, and Kennerly, Williams, Lee & Hill and Irl F. Kennerly, all of Houston, for appellants.

Spears & Montgomery and A. V. Logan, all of San Benito, for appellee.

COBBS, J. This suit is predicated upon the breach of a land sales contract, wherein appellants contracted to sell land to appellee and deliver a deed thereto. By the terms of the contract appellee agreed to pay $11,807.50 in cash, and execute two notes for $5,000 each, due, respectively, November 1, 1919, and January 1, 1920, making one-half of the purchase price, and the other half was to be in vendor's lien notes, to be assumed and executed by appellee, for 87.23 acres of land in Hidalgo county, Tex.

The contract provided that on or before 60 days from its date, or within a reasonable time thereafter, if "the purchaser has paid or caused to be paid to the company an amount equal to one-half of the total purchase price named herein, and shall have executed the vendor's lien notes stipulated above," appellant company will "convey or cause to be conveyed to the purchaser, by general warranty deed, the above-described land, free and clear of all liens and incumbrances, except as may be provided herein."

One of said $5,000 notes was paid to appellant Stewart Farm Mortgage Company September 19, 1919, and the other to an agent of appellants November 14, 1919, at which time appellee executed and delivered to said agent the vendor's lien notes required by the contract, in three separate series, and executed and delivered three deeds of trust, one on each tract of land, to further secure the payment of said vendor's lien notes.

The deeds were not delivered at that time, nor at any other time. They were prepared, but retained by appellants for the purpose of making some corrections; however, the corrections were never made, and the deeds were not delivered to appellee. Appellee refused to pay the deferred vendor's lien notes as they fell due, because he claimed that appellants had made false and fraudulent representations that they would deliver the deeds when the said half of the purchase money was received and the notes executed; whereas they never intended to deliver the warranty deeds to appellee, and for that reason were not entitled to receive any of the purchase money. Appellants refusing to deliver the deeds, and appellee refusing to pay without them, appellants caused the lands to be advertised for sale under the deeds of trust, and at such sale purchased the land and took trustees' deed therefor.

Appellee's suit therefore is: (a) To recover back the purchase money paid, with interest, together with sums expended for clearing, grubbing, and plowing the land. (b) For cancellation of the outstanding purchase-money notes executed and delivered by appellee, aggregating $13,084.50. (c) For cancellation of the foreclosure sales made by P. W. Barron, trustee, under the said respective deeds of trust executed by appellee. (d) To fix and establish a lien on the land in appellee's favor to secure any amount recovered on a foreclosure thereof.

Appellants filed a general denial and special answer, pleas of waiver, etc., and further alleged that the mortgage company (appellant) requested said trustee to sell the land in satisfaction of the notes, and the mortgage company, being the highest and best bidder, became the purchaser thereof at said foreclosure sales; and that appellee never elected to rescind, and never gave any notice of any intention to rescind; that he treated his contract and notes as existing and in force until long after the respective sales by the trustee; that, at the time appellee was given notice of the mortgage company's election to mature his notes, appellee did not assert or claim any breach of contract by appellant, or failure of consideration or fraud; that, by his acts, conduct, silence, and acquiescence, appellee ratified the transaction and thereby waived the right of rescission, if he ever had; and that all of the right, title, and interest of appellee in and to the land, including the right for deed, if any he had, was duly and legally conveyed

⬳For other cases see same topic and KEY-NUMBER in all Key Numbered Digests and Indexes

to the mortgage company by virtue of the foreclosure sales, etc. Estoppel was specially pleaded.

The case was tried with a jury. Appellant requested an instructed verdict, which was refused. The case was submitted to the jury on two questions, which, together with the answer of the jury, are as follows:

"No. 1. Did defendant W. E. Stewart Land Company, by its agent or agents, on November 14, 1919, the time when plaintiff finished paying the cash part of the purchase price for the land in controversy, or at any time thereafter, deliver or cause to be delivered to plaintiff deeds conveying said land to him? Answer this question 'Yes' or 'No,' as you may believe from and in accordance with a preponderance of the evidence. Answer. No.

"No. 2. After November 14, 1919, did plaintiff do or say anything to lead defendants to believe that he (the plaintiff) intended to keep the land in controversy without the voluntary delivery to him of deeds thereto by defendant Stewart Farm Mortgage Company? Answer this question 'Yes' or 'No,' as you may believe from and in accordance with a preponderance of the evidence. Answer. No."

The money judgment was for $29,247.49, with interest, awarding execution.

[1] The first, second, third, and fourth propositions, submitted under and germane to the first, second, third, and fourth assignments of error, raise practically the same error, to the effect that the nondelivery of the deed in this case was not a fundamental or substantial breach of the contract, such as to justify a rescission or constitute fraud, within the meaning of article 3973a of Texas Statutes of 1920, and for that reason the court erred in not instructing a verdict.

It is not claimed by appellants that the contract to deliver the deeds was a nullity or obtained through fraud. Appellants cannot be permitted to contract to do so necessary a thing as to give a valid warranty deed to the purchaser of land, and for some reason break the contract to deliver the deed, and at the same time make him pay the purchase price. Men bind themselves by contracts which, in such cases as this, cannot' be regarded as mere "waste paper." What sensible business man is willing to purchase land and relieve the seller from his obligation to supply him with the muniments of his title?

The fact that the purchaser is put in possession, and by reason of the payment of purchase money in part an equitable title is created in him, yet he is without proof of a legal title, to use both as a sword and a shield. We can never for one moment permit ourselves to agree with appellants' insistence that the failure to furnish the contracted warranty deeds "is not" a "substantial and fundamental breach as to justify a rescission."

[2] Appellants had the right to deliver the warranty deeds called for in the contract, and then demand the payment of the purchase price, and not before. Appellee had his contractual right to demand the deed before he was required to pay one cent more of the purchase money. There could be no default up to that time, on the part of appellee, that matured the obligation or justified the foreclosure. Gregg v. English, 38 Tex. 139; Kauffman v. Brown, 83 Tex. 41, 18 S. W. 425; Morris v. Duncan (Tex. Civ. App.) 25 S. W. 48; Bolin v. Guieral (Tex. Civ. App.) 37 S. W. 618; June v Willie (Tex. Civ. App.) 59 S. W. 587.

There is no estoppel here. The parties contracted in writing, upon the basis that the deeds would be furnished, which is entirely different from an estoppel in pais. If appellant never intended to furnish a deed when it made the contract, it perpetrated a fraud. If, after making the contract, it refused, or, what amounts to the same thing in this case, after repeated demands for the deed did not furnish it after receiving the purchase money, the fruits of the trade, it cannot be heard to avoid the contract and escape the consequences of its wrongdoing. Corzine Heirs v. Williams, 85 Tex. 499, 22 S. W. 399; Jones' Estate v. Neal, 44 Tex. Civ. App. 412, 98 S. W. 417.

[3] It is true that rescissions of contracts and cancellation of instruments are no favorites of courts, and even slight circumstances indicating a purpose not to insist on the right may be regarded as a waiver. We find no circumstances indicating a waiver. Appellee made his repeated demands for the deeds, and he remained in possession of the land, standing on his contract. What more was he supposed to do? After the sale of the land, which clearly showed appellants' final and conclusive breach, appellee brought this suit. He had not sought a rescission of the contract; he stood on his contractual rights, and these facts indicate no waiver on his part, or estoppel.

[4] On August 6, 1920, appellant conveyed farm tract to W. H. Carpenter, who recorded the deed. Appellee filed this suit July 27, 1921; then it was that appellee filed his cross-action, seeking to rescind, and for damages. Under the facts in this case appellee was not required to take affirmative action to protect his rights, until appellant finally repudiated its contract and sought to recover on the notes.

We think the case has been fairly tried and substantial justice has been done, and affirm the judgment, except in so far as it relates to the receiver, who is an officer of the federal court in a pending receivership of the properties of appellants, and as to the receiver he is dismissed from the court. Sanborn et al. v. Gunter & Munson, 84 Tex. 289, 17 S. W. 117, 20 S. W. 72.

The judgment is in all other respects affirmed.