**W. J. WILSON & Mrs. W. J. Wilson, Appellants,**

v.

**Wilbur H. OLSEN & Marie S. Olsen, Appellees.**

No. 5386.

Court of Civil Appeals of Texas.

El Paso.

June 15, 1960.

Rehearing Denied July 6, 1960.

Malcolm McGregor, El Paso, for appellants.

B. E. Schwarzbach, Jr., El Paso, for appellees.

ABBOTT, Justice.

This was a suit by plaintiffs below (appellees here), to set aside a conveyance of property based on fraud. Defendants below (appellants here), answered the suit denying all allegations of fraud and brought a cross-action requesting foreclosure of a note given as part of the alleged consideration in the transaction. The case was submitted to the jury and, as a result of their answers to special issues, a judgment was given appellees. From this judgment appellants have duly perfected their appeal, and the case is properly before this court.

Briefly, the facts are: Appellees were owners of property in El Paso County, Texas, and appellants were owners of property in Callahan County, Texas. Appellants advertised their property for sale, and as a result of such advertising appellees visited the property—a turkey farm—in Callahan County. After about three months, appellees and appellants orally agreed to exchange properties. Each was to take the other's equity in the respective properties, and appellees were to execute a promissory note payable to appellants, in the sum of $26,500. The parties met in El Paso, Texas, on April 16, 1957, in the office of an attorney representing appellants. The deeds and promissory note were drawn, and appellees signed, acknowledged and delivered to appellants a deed to their El Paso property, and the promissory note. Appellants signed and acknowledged the deed to the Callahan County property. It was necessary for the latter deed to be signed and acknowledged, also, by Vance Byron Wilson and Wilma Marie Wilson, who resided in Pecos, Reeves County, Texas. An envelope containing the partially executed deed was given to appellees to deliver to the named parties in Pecos, Texas. Appellants immediately went into possession of the El Paso property, and appellees began their trip to Callahan County. Appellees delivered the envelope containing the incomplete deed to Vance Byron Wilson in Pecos. The deed was not completed at that time, nor delivered to appellees. They continued on to Callahan County and went into possession of the turkey farm. Vance Wilson testified that he and his wife took the deed to a bank in Pecos and signed the same. About a month later, the testimony indicates that the deed was forwarded to the county clerk of Callahan County, but was rejected by the county clerk for filing because two of the signatures (the ones from Pecos) had not been notarized. Appellees were notifed of this rejection and approved of it, also rejecting acceptance of the incomplete deed. There is further testimony that the deed was returned to Pecos and the signatures notarized. *There is no evidence that another delivery was made, or attempted.* Appellees testified that they wrote letters requesting the deed, as they needed title to establish their credit in Callahan County, and that either in the latter part of May or in June, they rejected the sale. Appellees then brought this suit, based on numerous allegations of misrepresentations to induce the

sale, and the jury so found. Appellants have brought four points of error, all based upon either no evidence, or insufficient evidence, for the issues submitted to the jury, and their findings thereon.

Because of our findings in this case, we do not believe it necessary to enumerate the submitted issues or points of error. This case originated when two groups agreed orally to exchange property, and to deliver to each other title and possession of said property. The consideration for each of the parties was to properly execute and deliver to the other party the deed conveying and evidencing title. It is necessary that delivery and acceptance of the deed be accomplished before there can be an effectual transfer of title. 14–B Tex.Jur. 538; 43–A Tex.Jur. 240–242; W. E. Stewart Land Co. et al. v. Terrell, Tex.Civ.App., 266 S.W. 604; Art. 1288, V.A.T.C.S., notes 71, 72, 73 and 74; 26 C.J.S. Deeds § 41, p. 673.

And, as stated in 26 C.J.S. Deeds § 41, p. 679: "a mere intention to transfer title, without further acts or conduct giving effect to or consummating such purpose is insufficient." There are numerous statements and cases stating that the intent of the grantor should be considered (Thornton v. Rains, 157 Tex. 65, 299 S.W.2d 287). However, in the present case, we believe the intent of appellants cannot control because of the facts —that is, delivery of a defective deed and the rejection of same by appellees. Appellees cannot be charged with trying to defeat the delivery of the deed where the instrument in 'question was not legally acceptable, as the facts in this case show the situation to be. This situation could easily raise the question of "reasonable time" to effectuate the delivery under most similar conditions, but there is no mention in the record that a legally acceptable deed was ever delivered to appellees. As stated in 16 American Jurisprudence 665, section 401, "The dissent" (concerning acceptance) "of the grantee may be shown and the deed thereby rendered ineffectual." See also, Curry v. Curry, 153 Tex. 421, 270 S.W.2d 208. We believe that the presumptions of delivery and acceptance usually indulged in by the courts cannot be considered, in view of the fact situation here; that is, the rejection by appellees of an incomplete deed. As stated by the courts in Texas, the mere fact that the instrument in question was executed and left with another party for delivery does not resolve the question of delivery to one of law, but is an issue of fact. Kuhn v. Downs, Tex.Civ.App., 208 S.W.2d 154; 43–A Tex.Jur. 241, sec. 208.

We hold that, as a matter of fact, there was no delivery and acceptance of the deed in this case; and, by this holding, the special issues found on the question of fraud become immaterial. However, the results reached by the jury and trial court returned the respective parties to their original position, which we believe to be correct, in that there was never a completed transaction. For the reasons stated above, we affirm the judgment of the trial court; but for the reasons we have stated, and not on the basis of fraud.