**W. Vincent MURPHY, Appellant,**

v.

**L. L. LOWACK et ux., Appellees.**

No. 16754.

Court of Civil Appeals of Texas.

Fort Worth.

Sept. 23, 1966.

Rehearing Denied Oct. 21, 1966.

Thornton, Thornton & Fisher, and Rick P. Fisher, Olney, for appellant.

Schenk & Wesbrooks, and Perry Wesbrooks, Wichita Falls, for appellees.

OPINION

RENFRO, Justice.

On the 29th day of November, 1961, Murphy, plaintiff below and appellant herein, entered into a written contract with Lowack, defendant and cross-plaintiff below and appellee here, whereby plaintiff agreed to sell and defendant agreed to buy certain described property in Archer City. For convenience, Murphy will be referred to as plaintiff and Lowack as defendant.

Under the terms of the contract seller was to furnish buyer with abstract of title within 30 days; buyer to have 15 days after delivery for examination and seller to have 15 days to meet title requirements. Paragraph 4 provided that "If good and marketable title to said property is not furnished within the time herein stipulated, then Buyer, at his option, may accept such title as Seller is able to make or terminate this agreement * * *."

On June 4, 1964, plaintiff filed suit against defendant in which he alleged defendant had defaulted in monthly installments and asked for specific performance, or alternatively for damages.

Defendant answered that he ceased making payments because plaintiff, though often requested, never furnished him with an abstract of title. By cross-action he asked for judgment for enhanced value of the property by reason of improvements made in good faith by defendant on plaintiff's continued assurance abstract of title would be furnished.

Based on jury verdict, judgment was rendered for defendant for amount of enhanced value, less reasonable rental value, by reason of good faith improvements.

The first issue submitted to the jury read: "Do you find from a preponderance of the

evidence that L. L. Lowack exercised his option to accept such title as W. Vincent Murphy was able to make under the contract entered into between them dated November 29, 1961?" The jury answered, "No." In answer to issues Nos. 2, 3 and 4 the jury found that defendant, from the date of the execution of the contract, continuously insisted and demanded that plaintiff furnish an abstract of title but plaintiff failed and refused to furnish defendant a title abstract. In answer to issues Nos. 7 and 8 it was found that defendant, while in possession and before plaintiff filed suit, made valuable and permanent improvements in good faith. Issues Nos. 9 and 10 determined the enhanced value due to the good faith improvements, and issues Nos. 11 and 12 determined the reasonable monthly rental value of the property to defendant while he occupied the property.

In his first point of error plaintiff contends defendant, as a matter of law, exercised his option to accept such title as plaintiff was able to make, and, therefore, the court should have instructed a verdict for plaintiff.

The record reflects a conflict in the evidence as to whether or not defendant ever exercised his option to accept whatever title plaintiff was able to make.

Plaintiff and defendant were good friends. Defendant did considerable work, usually carpentry and plumbing, for plaintiff. Various trades or deals between the two culminated in the execution of the contract of November 29, 1961.

After the contract was signed, defendant sold one of the lots set out in the contract, and the house situated thereon, back to plaintiff. A car swap was involved in that trade.

Plaintiff testified defendant never requested an abstract until after defendant had defaulted in payments on the property.

Defendant testified he, several times monthly from a period beginning ten days after date of the contract until the suit was filed, insisted to plaintiff that an abstract be furnished. Plaintiff always promised but never performed. Defendant's wife, too, insisted on an abstract. It was at her suggestion that defendant discontinued making the monthly payments. About the time plaintiff filed suit a partial abstract was furnished defendant. An abstract showing good and marketable title in plaintiff never was furnished defendant.

Defendant testified he would not have moved on the premises and made permanent improvements except for plaintiff's repeated assurances that abstract of title would be forthcoming.

It is undisputed defendant took possession of the property and began making improvements with the consent of plaintiff. In fact, one of their many agreements was plaintiff's promise to help defendant secure building materials, etc.

It is undisputed that plaintiff never tendered a warranty deed to defendant and that he did not deliver even a partial abstract of title until suit was filed.

There was ample evidence to support the jury finding that defendant did not exercise his option to accept such title as plaintiff was able to make.

Considering the whole record and the nature of the business relationship between the parties, we think the issue of exercising an option was a fact question for the jury rather than a question of law.

In Kuykendall v. Schell, 224 S.W. 298 (Tex.Civ.App., 1920), it was held: "* * the delay on the part of plaintiff and his assignors to assert their right of rescission did not deprive them of such right. Their repeated demands for deeds, their continuing to make payments after they had paid the one-fourth of the purchase money and the deeds had not been executed, show they did not desire a rescission if they could obtain title to the land. The obligation of appellant to deliver the deeds and abstract was a continuing obligation, and when the purchasers, after repeated demands, failed to

**14**

obtain their deeds, they had the right to then for the first time demand the return of purchase money paid by them. No equities have arisen in favor of Kuykendall by plaintiff's delay in asserting the right of rescission, and he should not be allowed to escape liability by the forbearance of plaintiff."

In W. E. Stewart Land Co. v. Terrell, 266 S.W. 604 (Tex.Civ.App., 1924, writ dism.), it was held: "Appellants had the right to deliver the warranty deeds called for in the contract, and then demand the payment of the purchase price, and not before. Appellee had his contractual right to demand the deed before he was required to pay one cent more of the purchase money. There could be no default up to that time, on the part of appellee, that matured the obligation or justified the foreclosure."

In the instant case the evidence is undisputed that defendant paid $500 cash upon the execution of the contract and made numerous monthly payments. Under all the facts as shown in the record, the above cases are particularly applicable to the instant case.

Also the facts of this case show a situation where equitable relief is proper. Moore v. Giesecke, 76 Tex. 543, 13 S.W. 290 (1890); Lipscomb v. Fuqua, 103 Tex. 585, 131 S.W. 1061 (1910); Chaney v. Coleman, 77 Tex. 100, 13 S.W. 850 (1890).

Issue No. 1 was properly submitted. The point of error contending otherwise is overruled.

In point No. 16 plaintiff argues that his claim against defendant for reasonable rental value was not properly submitted to the jury. We find that plaintiff's claim was properly submitted in issues Nos. 11 and 12.

In other points plaintiff attacks some issues submitted to the jury as being undisputed and/or evidentiary only. The issues mentioned in the forepart of this opinion were material. The answers to said issues were sufficient to support a judgment for defendant. Even if it be conceded that

some other issues submitted were not material, still, under the record, their submission was not reversible error. There is no showing that submission of such issues was such a denial of the rights of plaintiff as was reasonably calculated to cause and probably did cause the rendition of an improper verdict or judgment. Rule 434, Texas Rules of Civil Procedure.

All points of error have been considered and are overruled.

Judgment affirmed.