KRUEGEL et al. v. STANDARD SAVINGS & LOAN ASS'N.   (No. 1187.)

(Court of Civil Appeals of Texas. Amarillo. June 6, 1917. Rehearing Denied June 27, 1917.)

1. REMOVAL OF CAUSES ⊚⇒97—AUTHORITY OF STATE COURT.

Under U. S. Comp. St. 1916, § 1010, as to removal of causes to federal courts for diversity of citizenship, when sufficient petition and bond are filed, and bond is approved, the state court has no authority further than to enter order of removal, and issues of fact raised to reply to petition for removal may be considered only by the federal court to which the case is removed.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 206, 208–211, 224.]

2. REMOVAL OF CAUSES ⊚⇒86(1)—PETITION FOR REMOVAL.

Petition of foreign corporation for removal to federal court of action against it need not allege its permit to do business in the state.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 166–169, 176, 178.]

3. CORPORATIONS ⊚⇒661(6)—FOREIGN CORPORATIONS.

Statutes preventing suit in state courts by foreign corporations without permit to do business in the state do not affect the jurisdiction of the federal courts.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2539, 2542, 2544, 2564.]

Appeal from District Court, Dallas County; W. F. Whitehurst, Judge.

Action by Herman Kruegel and others against Standard Savings & Loan Association. From judgment for defendant, plaintiffs appeal. Affirmed.

Herman Kruegel, of Dallas, for appellants. Flournoy, Smith & Storer, of Ft. Worth, for appellee.

HUFF, C. J. This is an appeal from an order of judgment of the Sixty-Eighth judicial district court, Dallas, Tex., removing this cause to the United States District Court for the Northern District of Texas. This record is here upon the motion or petition of removal, the bond executed therein, with the approval of the judge thereon. The papers of the original suit have·not been brought up to this court.

The Standard Savings & Loan Association filed its petition in the Sixty-Eighth judicial district court, alleging substantially that Herman Kruegel and his wife, Minna Kruegel, filed their petition in that court against the Association, praying for a judgment against it, declaring null and void a certain judgment rendered in the United States District Court for the Northern District of Texas, in the Dallas Division thereof, and that the judgment clouded the title of the plaintiffs to a certain lot of lánd in the city of Dallas, which is described by metes and bounds in the petition, and which it is stated that the Association, by the judgment, recovered against Kruegel and his wife the title and possession of the 'land to the Association, and that that judgment had never been appealed from, and that it was final and valid, and a subsisting judgment; that the action brought by Kruegel in the district court is of a civil nature, and that the Association disputed the right of the plaintiffs therein, and alleged that the judgment sought to be set aside and removed is in all respects valid and binding, and that the real estate is owned absolutely in fee simple by the Standard Savings & Loan Association. It is alleged that the matter in controversy in the suit, exclusive of interest and costs, is of the value of $3,000, the land being of the value of more than $3,000, and that the controversy is wholly between citizens of different states, and that the only parties to the suit are Herman Kruegel and Minna Kruegel, who are plaintiffs therein, and the Association, who is the only defendant. It is alleged that proper notice was duly issued and served on the petitioner to answer the suit of Kruegel on the 7th day of April, 1916, commanding it to appear in the district court of Dallas county, Tex., for the Sixty-Eighth judicial district, at the next regular term thereof, which was on the first Monday in May, 1916, and that it was not required to answer until the 1st day of May, 1916. It is further allegd that at the commencement of the suit by the Kruegels, and at the time of the filing of the petition, the plaintiffs therein, Kruegel and his wife, were and are citizens and residents of the state of Texas, having their home and residence in the county of Dallas and city of Dallas; that the defendant Association was at the time of the commencement of the suit, and ever since has been, and still is at the time of the filing of

---

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

this petition, a citizen of the state of Michigan, and a resident thereof, being a corporation chartered under the laws of the state of Michigan, with its principal office and place of business in the county of Wayne and city of Detroit, in that state, and that it was not at the time of the filing of this petition, and never has been, a resident of the state of Texas. The petition was accompanied by a bond in proper form and amount, which was duly approved by the district judge and properly filed. The defendant Kruegel answered this petition for removal by special exceptions and general answer.

[1] There appears to be no contention that the petition, bond, and notice thereof are insufficient to remove the case to the federal court, except that the matters in controversy between the parties involve no interstate business nor federal question, but strictly local state matters. The ground stated in the petition is diverse citizenship. The Judicial Code of the United States (section 1010. U. S. Compiled Statutes 1916) provides:

"When in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different states, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the District Court of the United States for the proper district."

The petition shows the matter in controversy, and that the value of the lot exceeded $3,000, that Kruegal and his wife are and were citizens of the state of Texas, and that the appellee, Standard Savings & Loan Association, was a citizen at the commencement of this suit, and ever since that time and still is a citizen, of the state of Michigan, and incorporated under the laws of that state, and a resident thereof. The facts stated in the petition, under the statute, conferred upon the federal court jurisdiction, and when the petition and bond were filed and the bond approved by the district judge, after proper notice, the district court had no authority to proceed with the case, more than to enter the order of removal. Railway Co. v. Davis, 93 Tex. 378, 54 S. W. 381, 55 S. W. 562; Bank v. Glaser, 46 Tex. Civ. App. 286, 102 S. W. 171. If there was an issue of fact raised by appellant's reply to the petition for removal, that fact rested alone with the federal court to which the case was removed. Authorities, supra; Railway Co. v. Dunn, 122 U. S. 513, 7 Sup. Ct. 1262, 30 L. Ed. 1159; Railway Co. v. Eastin, 89 S. W. 440.

[2, 3] It is insisted that the petition for removal shows that appellee is a foreign corporation, without a permit to do business in this state. We presume it could be more correctly stated that the petition or motion for removal does not allege that appellant had such permit. This we do not understand to be a necessary allegation in a petition for removal. The fact that appellant had not

procured a permit in this state will not of itself render the judgment void which is sought to be canceled, and upon which appellee was relying to support its right to the land in question. This law, therefore, would not prevent the federal court from maintaining a suit or a defense based on such judgment, even though in a state court such right could not be enforced therein. The only penalty inflicted for failure to obtain a permit to do business in the state would be to prevent a suit by the corporation in this state. This does not affect the jurisdiction of the federal court. David Lupton's Sons v. Automobile Club, 225 U. S. 489, 32 Sup. Ct. 711, 56 L. Ed. 1177, Ann. Cas. 1914A, 699. The trial court ruled correctly, we think, in holding he could not hear evidence after the petition and bond were filed for removal. The petition appearing to be sufficient on its face, the bond, in proper amount and approved by the district judge, had the effect to oust the state court of jurisdiction. There was no error in refusing to file conclusions of fact and law by the trial judge. There were no facts which he could have passed upon. All such matters were for the federal court.

We have very grave doubt about our jurisdiction to entertain this appeal, it being from an order removing the cause from the state court to the federal court. There appears to be some conflict of authority upon this question. It is certain the only issue that we could take jurisdiction to consider would be to ascertain if the petition and bond presented are sufficient upon their face. It is hard for us to conceive what order we could make when the state court had removed the cause and a federal court had assumed jurisdiction. We shall not attempt to go further into this matter at this time.

The judgment of the lower court will be affirmed.