### EMMY DITTMAR IMPROVEMENT CO. et al. v. A. B. FRANK CO. et al.

#### No. 10250.

Court of Civil Appeals ·of Texas. San Antonio.

March 3, 1938.

Rehearing Denied March 30, 1938.

Heilbron, Bretz, Heilbron & Waitz and Frank B. Buchanan, all of San Antonio, for plaintiffs in error.

Brooks, Napier, Brown & Matthews and W. L. Matthews, all of San Antonio, for defendants in error.

SLATTON, Justice.

Emmy Dittmar Improvement Company filed objections in the Seventy-Third district court of Bexar county to a motion of St. Louis Union Trust Company, trustee, seeking confirmation of the sale (through a receiver) of the Aurora Apartment Hotel situated in the city of San Antonio.

The grounds of complaint were: (a) That the $400,000 bid was grossly ·inadequate; (b) that the notice of sale was insufficient in that it did not sufficiently describe the personal property or the improvements located upon the real estate to be sold.

After notice and hearing the court confirmed the sale. Emmy Dittmar Improvement Company brings the case here by writ of error.

█ Plaintiff in error says that the Seventy-Third district court of Bexar county was without jurisdiction to order a sale of this property. The assertion is made upon the fact that the sale was made through a receiver appointed by the Seventy-Third district court of Bexar county, Tex., upon a decree of the United States District Court for the Western District of Texas, which had been entered and certified to the state court by the federal court, after the state court had acquired jurisdiction of the property.

On the authority of the case of Lubbock Hotel Company et al. v. Guaranty Bank & Trust Co. et al., 5 Cir., 77 Fed.2d 152, and authorities there cited, we overrule the contention.

█ In the next complaint for error it is urged that the notice of sale did not sufficiently describe the property and that the real and personal property was sold in bulk instead of in parcels.

The real estate and furniture was sold as an entirety by the receiver, under orders of the court. The plaintiff in error did not request the court to order the property sold separately and did not so complain by its objection upon the hearing of the motion to confirm the sale, therefore, it is not in a position to claim that as error here. Without a recitation of the description of the property as contained in the order and notice of sale, it is sufficient to say that the property was, in such order and notice, properly described. In this respect no error is shown.

█ It is contended that the sale price of the property was grossly inadequate. The receiver sold the property for the sum of $400,000, which was credited upon the bonds tendered by the purchasers in lieu of cash.

The trial court heard evidence as to the value of the property upon the motion made to confirm the sale. Some three or four witnesses testified that the property had the market value of from $200,000 to $350,000. Plaintiff in error interprets the testimony of its witnesses to be a greater amount. Conceding, without deciding, this to be true, there arose a conflict of the evidence which the trial court determined in favor of the defendant in error, and the presumption arises that the action of the trial court was correct. The rule is well stated in 35 Corpus Juris p. 50: "Since the confirmation of a judicial sale rests in the discretion of the trial court, its action will not be reversed on appeal, unless an abuse appears or the order is clearly erroneous. ' The presumption is in favor of an order of confirmation. The report of a judicial sale and the decree confirming the sale are prima facie evidence that the land was actually sold. On appeal from the order of confirmation the appellate court will not consider objections to the

confirmation that were not raised in the court below, and if the evidence is conflicting, the finding of the trial court will not be disturbed."

It is our opinion that the trial court correctly ruled in this controversy, therefore, his judgment is affirmed.