## SANDERS v. KANSAS CITY LIFE INS. CO.

### No. 5311.

Court of Civil Appeals of Texas. Amarillo.
May 26, 1941.

Rehearing Denied June 16, 1941.

Griffin & Morehead, of Plainview, and Watkins & Mays, of Dallas, for appellant.

E. L. Klett, of Lubbock, for appellee.

FOLLEY, Justice.

By special warranty deed of the date of October 1, 1937, the appellee, Kansas City Life Insurance Company, conveyed to M. M. Wynne 219.9 acres of land in Lamb County, Texas, being all of Labor 14, Capitol League 658, Abstract 336, Abner Taylor Original Grantee. The consideration recited was $6,500, of which $1,000 was cash and the balance evidenced by a note in the sum of $5,500, payable in installments over a period of ten years and secured by a vendor's lien on the land.

By deed of the date of October 29, 1937, M. M. Wynne conveyed to J. W. Murchison the mineral rights in and to the land. The consideration expressed was $10 and other valuable consideration.

By a deed of the date of November 1, 1937, M. M. Wynne for $10 and other valuable consideration purportedly conveyed the fee simple title to the land to E. B. Hewitt subject to the $5,500 indebtedness held by the appellee. In such deed no mention was made of the prior conveyance of the minerals to J. W. Murchison.

By deed of February 2, 1938, for a recited consideration of $10, J. W. Murchison conveyed to Chester H. Milliken and A. Smith Gill 2/292 interest in the minerals in the land.

On June 14, 1938, E. B. Hewitt and wife granted to the Lamb County Electric Cooperative, Inc., a right of way easement for an electric power line over the land.

On September 20, 1938, the Lamb County Electric Cooperative, Inc., executed a blanket deed of trust upon all its properties, including right of way easements, grants, franchises and privileges, to the American National Bank of Austin, Texas, Trustee, in connection with a substantial loan from the United States of America.

On January 16, 1940, for a recited consideration of $10 J. W. Murchison conveyed by deed his remaining interest in the minerals of the land to the appellant, R. B. Sanders.

On March 4, 1940, after default in the payment of appellee's note, the appellee in a suit for rescission of the original conveyance from it to M. M. Wynne recovered judgment in Cause No. 1772 in the District Court of Lamb County for the title and possession of the land as against the Lamb County Electric Cooperative, Inc., American National Bank of Austin, Chester H. Milliken, A. Smith Gill and Mrs. Addie Hewitt, surviving wife and sole heir of E. B. Hewitt, deceased. In such suit the appellee sought to make M. M. Wynne and J. W. Murchison parties defendant but upon being unable to obtain service upon them they were dismissed from the cause.

508

The recovery, however, included all of the holders of any interest in the land except the appellant, R. B. Sanders. In such judgment the court found there was an unpaid balance due upon appellee's note in the sum of $6,624.

On June 12, 1940, the appellee's attorney sent a registered letter to the appellant notifying him of the above judgment and stating that the appellant had not been made a party to the suit because it was not known that he was holding a deed or asserting a claim to the property. In such letter it was further stated that the appellee elected to rescind and recover the land and asked the appellant to advise whether he wished to redeem the land for the $6,624 indebtedness against it. To such letter the appellant made no reply.

Thereafter on June 25, 1940, the appellee filed the instant suit against the appellant in the District Court of Lamb County. The first count was the statutory action in trespass to try title and a second count in which the appellee sought judgment for title and possession of the land upon the theory of rescission by virtue of its superior title. By an alternative plea the appellee asked for a foreclosure of its vendor's lien and for order of sale.

The appellant answered by the general issue and a plea of not guilty. By further answer he admitted the appellee was entitled to foreclosure but alleged that in equity and in fairness to him the judgment should require the property to be sold in the inverse order of its alienation and that the fee simple title, excluding the minerals, should first be sold in satisfaction of appellee's claim. In this connection the appellant made no allegations as to the respective values of the portions of the property as alienated and severed, nor did he specifically allege that the property exclusive of the minerals was sufficient to satisfy or had satisfied the demands of the appellee. The only intimation in his pleadings that the surface rights of the land would satisfy the demands of the appellee was a general allegation, amounting only to a conclusion, to the effect that if his plea for the sale of the property in the inverse order of alienation was adopted, such procedure would preserve to the appellant his equitable rights and would not jeopardize the rights of the appellee. There was also absent any allegations of any improvements or expenditures made by the appellant in connection with his interest or of any other specific facts which might make it inequitable for the appellee to disaffirm the original contract of sale and recover the property as against the appellant.

After overruling the appellant's motion for continuance because of the absence of J. W. Murchison as a witness the cause proceeded to trial before the court without a jury. The testimony of the appellee was principally documentary and consisted chiefly of the above named instruments of conveyance, including the $5,500 note, and the oral testimony of the appellee's attorney as to the above notice furnished the appellant and his failure to respond. The appellant offered no testimony.

The trial court rejected appellant's plea for foreclosure and rendered judgment for the appellee against the appellant for the title and possession of the 291.9 acres of land from which judgment this appeal is prosecuted.

■ The appellant first complains of the court's action in overruling his motion for continuance which, as above stated, was based upon the absence of J. W. Murchison. It was alleged in the motion that Murchison was a resident of Hale County. The appellant did not state in such application for continuance that any effort had been made to take the deposition of such witness. There was no allegation that the witness was notified to attend court or that he had promised to do so. The appellant merely alleged that Murchison would testify that Sanders was the owner of certain mineral rights in the land; that he would offer testimony that said property might be sold in parcels; that said witness would testify to material facts concerning the equitable rights of the appellant to require the property to be sold in the inverse order of its alienation; and that the appellant had used due diligence to procure the testimony of such witness in that Murchison was "a friendly witness and has expressed his willingness to appear voluntarily and testify in court, but that said J. W. Murchison's personal business affairs required his presence in South Texas * * * and that affiant expects to prove by said witness the equities and rights set up in the amended answer of the defendant * * *". It is evident that the allegations as to what the witness would testify with reference to the equitable rights of the appellant were mere conclusions of the pleader and were not sufficient for the court to determine the materiality of such

absent testimony or to enable the adverse party to admit the truth of the same and thus prevent a delay of the trial. Moreover, since there was no allegation as to any real effort to procure the attendance of the witness and no excuse offered for the failure to take his deposition, we think the application failed to show the due diligence required by law, and this alone was sufficient reason for overruling the application. We therefore conclude the trial court did not abuse his discretion in this respect. Article 2168, Vernon's Annotated Civil Statutes; Galveston, H. & S. A. Ry. Co. v. Horne, 69 Tex. 643, 9 S.W. 440; Sovereign Camp, W. O. W. v. Davis, Tex.Civ. App., 268 S.W. 523, writ refused; Sovereign Camp, W. O. W. v. Gomez, Tex. Civ.App., 129 S.W.2d 784.

 The appellant next contends that the court erred in rendering judgment for the appellee ·for the recovery of the land in the trespass to try title action and asserts that under the record the court should have entered only a judgment of foreclosure and ordered the property sold in the inverse order of its alienation. We think this assignment is without merit. The appellee's pleading and proof showed that it was the holder of the superior title to the land. The appellee elected to disaffirm the executory contract and recover the property as against the appellant and gave the appellant notice thereof and an opportunity to redeem. The appellant not only failed to redeem the land but charged with the knowledge of appellee's superior title came into court without showing that it would be inequitable for the appellee to disaffirm the contract of sale. There was no allegation or proof as to the value of the respective properties or funds to be subjected to the debt and thus no showing of any equity of the appellant in the property other than a right to redeem. The appellant particularly failed to show that the funds last alienated by the mortgagor were adequate and sufficient to satisfy or had satisfied the claims of the appellee, which showing under this record was necessary in order to invoke the equitable powers of the court to prevent the recovery allowed and to subject the respective funds to the payment of appellee's debt in the inverse order of alienation. Under such circumstances this assignment must necessarily be overruled. Yett v. Houston Farms Development Co. et al., Tex.Civ.App., 41 S.W.2d 305, writ refused; Hall v. Dallas Joint-

Stock Land Bank of Dallas, Tex.Civ.App., 95 S.W.2d 200, writ refused; David v. Roe et al., Tex.Civ.App., 271 S.W. 196; Fryckberg et al. v. Scott et al., Tex.Civ. App., 218 S.W. 21, writ refused; Biswell v. Gladney et al., Tex.Com.App., 213 S.W. 256; Loe et al. v. Bellgardt et al., Tex.Civ. App., 193 S.W. 714; Brown et al. v. Thompson et al., 79 Tex. 58, 15 S.W. 168; Standard Paint & Wall Paper Co. v. Rowan, Tex.Civ.App., 158 S.W. 251.

 By his last assignment the appellant contends the court erred in admitting in evidence the plaintiff's petition and judgment in the former suit in cause 1772 to which the appellant was not a party. The only objection made to such testimony in the trial court was that it was hearsay in so far as the appellant was concerned. The appellee's attorney stated that he was offering the the evidence for the purpose of showing a rescission in the former proceeding. Suffice it to say that in our opinion such evidence was highly pertinent to the cause of action pleaded by the appellee and we think no error resulted from its admission.

The judgment is affirmed.