## DITTMAR et al. v. ST. LOUIS UNION TRUST CO. et al.

### No. 4117.

Court of Civil Appeals of Texas. El Paso.

Sept. 18, 1941.

Rehearing Denied Oct. 9, 1941.

W. C. Douglas and Augustus McCloskey, both of San Antonio, for appellants.

Brooks, Napier, Brown & Matthews and Clinton G. Brown, Jr., all of San Antonio, for appellees.

PRICE, Chief Justice.

This is an appeal from the judgment of one of the district courts exercising jurisdiction in Bexar County. As plaintiffs, Emmy Dittmar Improvement Company, Emmy Dittmar and John Dittmar, sought a recovery from the St. Louis Union Trust Company and Aurora Apartments Hotel, Inc., title and possession of a tract of land situated in the City of San Antonio, together with the improvements thereon. Damages in the sum of three million dollars were likewise sought.

For convenience the Emmy Dittmar Improvement Company will hereafter be referred to as "Improvement Company," de-

fendant St. Louis Union Trust Company as "Trust Company," and Aurora Apartments Hotel, Inc., as the "Hotel Company."

The Trust Company answered plaintiffs' petition by plea of not guilty; defendant Hotel Company by a plea of not guilty and filed a cross-action for the recovery of the title and possession of the property in question, and to which cross-action it impleaded Charles Dittmar as a cross-defendant. John Dittmar and the Improvement Company answered to this cross-action, as did likewise Charles Dittmar, the cross-defendant therein. The trial was before the court without a jury. Judgment was in favor of defendants Trust Company and Hotel Company as to plaintiffs' action, and in favor of defendant Hotel Company on its cross-action adjudging that it recover the property in controversy as against plaintiffs and cross-defendant. Motion for a new trial was filed and overruled. Plaintiffs and cross-defendant have perfected this appeal.

Plaintiffs and cross-defendant assail the judgment rendered on the ground that the court erred in overruling their application for a continuance; that it erred in the admission of certain deed of trust, the decree of foreclosure thereof, an order of sale, decree confirming same and receiver's deed. The basis of these objections was that the defendant Trust Company, at the time of procuring such decrees and orders, was a foreign corporation engaged in business in Texas without a permit, and that the transactions out of which the legal proceedings arose were consummated at a time that such Trust Company had no permit to do business in Texas.

We shall first consider the case as to the admission of testimony. Included in the consideration will be the legal effect of the instruments objected to. In fact this, as we understand it, is the real ground of the objection thereto.

The Improvement Company was at all relevant times prior to the execution of a certain foreclosure decree, through a receiver, the owner of and entitled to the possession of the property in question here and now is entitled thereto, unless its title was divested by such foreclosure proceedings. In order to show the divestiture of plaintiffs' title by the Improvement Company defendant offered in evidence a foreclosure decree of the United States District Court of the Western District of Texas, San Antonio Division. This decree was dated June 4, 1936, and foreclosed on behalf of the Trust Company, as trustee, a deed of trust on the property in controversy securing bonds in the principal sum of $550,000. The total recovery and foreclosure was for $725,457.60. Parties defendant to this foreclosure were, among others, the Improvement Company, Emmy Dittmar, Charles Dittmar, John Dittmar, and Mattie Dittmar. This decree contained the following provision: "5. That provisions for the sale of said property and the disposition of the proceeds of such sale in accordance with the provisions of said Deed of Trust are not made by this decree because the property herein foreclosed is in the custody of the defendant, J. S. Sheldon, as Receiver, appointed in a cause entitled 'A. B. Frank Company v. Emmy Dittmar Improvement Company et al.,' being cause No. B-67019, in the District Court of Bexar County, Texas, 73rd Judicial District, and this decree is hereby certified to said Honorable Court in said proceeding for observance and for the determination of fees and expenses, and for further orders and proceedings in conformity with the rights of the parties hereto, as established by this decree."

A motion filed by the Trust Company in cause No. B-67019, entitled A. B. Frank v. Emmy Dittmar Improvement Company et al., which was pending in the 73d Judicial District, Bexar County. This motion set up the decree of the Federal Court in extenso, and prayed for enforcement of said decree; a decree in the District Court of Bexar County ordering the sale of the property at public sale, report thereof for confirmation or disapproval and, if approved, the execution of the deed by the receiver; a report by the receiver of the sale to W. C. Collins, J. M. Bowlin, W. L. Schnepel and Frank Wolff for $400,000, with prayer for approval; an order of the State court confirming said sale; a request from the purchaser that the deed be made to the Hotel Company; a receiver's deed to that concern; a decree confirming the title under said sale in that company.

From the order confirming the sale the Improvement Company appealed to the San Antonio Court of Civil Appeals. The judgment of the trial court was in all things affirmed. Emmy Dittmar Improvement Co. v. A. B. Frank Co., 114 S.W.2d 912, 913.

The mandate of the Court of Civil Appeals was likewise introduced in evidence.

The proceeding in the state court was instituted to foreclose the second lien by the A. B. Frank Company, and a receiver had been appointed to that end.

 In order to prevail appellants must here show that the judgment of confirmation was void—void on collateral attack. Their action was in trespass to try title, and therein the judgment of confirmation was not directly assailed. Direct assault had been made on this judgment of confirmation by the appeal. If this judgment is void, however, it may be so attacked.

In reality the same issues were tendered here as were tendered in the case of Emmy Dittmar Improvement Co. et al. v. A. B. Frank Company et al., supra. The issues are the same, so are the necessary parties, and until deprived of its effect in law it is binding here. The issue there was as to the validity of the sale to the Hotel Company recovering same in this trial. San Antonio & G. S. Ry. Co. v. San Antonio & G. R. Co., Tex.Civ.App., 76 S.W. 782, writ refused; Chapman v. Guaranty State Bank, Tex.Com.App., 267 S.W. 690.

The Trust Company, the trustee, instituting and prosecuting the foreclosure suit was a foreign corporation. Neither at the time of the prosecution of the suit, the obtaining of the judgment, nor at the time the obligations were issued was it authorized to do business in Texas. The obligations enforced, that is, the bonds, were payable at the office of the Trust Company in St. Louis, Missouri.

None of these objections were urged in the action in the Federal Court, and were not urged in the motion in the State court for the enforcement of the federal decree.

 Article 1529, R.S.1925, provides how a foreign corporation may obtain a permit to do business in the State. Article 1536 prescribes the consequences of a failure to obtain the permit as to the institution and prosecution of suits. In our opinion Article 1536 is not jurisdictional. It does appear from the pleading in the Federal Court that the Trust Company was a foreign corporation without a permit, and so in the motion in the State court. Likewise it did not necessarily appear that the transactions involved constituted the transaction of business in the State.

Article 1536 was not a limitation of the authority of Federal Courts to entertain jurisdiction. Kruegel v. Standard Savings & Loan Ass'n, Tex.Civ.App., 196 S.W. 283, citing David Lupton's Sons Co. v. Automobile Club, 225 U.S. 489, 32 S.Ct. 711, 56 L.Ed. 1177, Ann.Cas.1914A, 699.

In the case of Commercial Telephone Co. v. Territorial Bank & Trust Co., 38 Tex.Civ.App. 192, 86 S.W. 66, it was held that a foreign corporation acting as trustee might maintain an action of foreclosure in this State for the bondholders. See, also, Western Supply & Mfg. Co. v. United States & Mexican Trust Co., 41 Tex.Civ. App. 478, 92 S.W. 986; Security Co. v. Panhandle Nat. Bank, 93 Tex. 575, 57 S. W. 22.

 If acting as trustee in the deed of trust constituted doing business in this State, which is not decided but has been assumed, in our opinion the place to have raised this contention was on the former appeal. The judgment of the Federal Court was by a tribunal having jurisdiction of the parties and subject matter. It authoritatively established the claim, and was and is binding. It was and is binding on the State courts. The enforcement thereof was more administrative than judicial. While the State court held the property in its custody, the duty was to hold and administer for the satisfaction of all claims validly established against the property.

 In our opinion the judgment of the State court confirming the receiver's sale passed the title to the Hotel Company. The setting aside of that decree was necessary in order that the plaintiffs recover herein. This could only be done by direct attack. Direct attack had been made as before stated, and same failed. The evidence fails to show any defense to the bonds. Plaintiffs have had their day in court.

 If it was error to overrule the motion for a continuance, the evidence conclusively shows that it was harmless error. Under the evidence, which is documentary, there could have been but one result. Golden v. Odiorne, 112 Tex. 544, 249 S. W. 822; 9 Tex.Jur. 757-759.

 The motion was addressed to the discretion of the trial court, the presumption is that the ruling was proper. 3 Tex. Jur. 1038.

 Copy of the order overruling the motion appears in the transcript of memorandum endorsed on the copy of the mo-

tion. That such order was ever carried into the Minutes does not appear. There is no bill of exceptions appearing in the transcript showing the facts as to the continuance. In regard to Mr. Dittmar's physical condition the trial court was in a measure at least able to judge. Mr. Dittmar appeared before him and presented the motion for continuance. As to the matter of resetting the case for August 16th, same was likewise known to the trial judge. Why the attorney, Augustus McCloskey, was unable to represent the plaintiffs and cross-defendant Charles Dittmar does not appear. When plaintiffs employed him or knew that he would be unable to appear is not shown by the motion. What attorney plaintiffs had retained does not appear therefrom. The motion is wanting in showing of diligence. Furthermore, plaintiffs and the cross-defendant were represented by the cross-defendant who was, so far as the record proper shows, their only attorney of record.

The evidence herein is largely documentary. It appears therefrom that the only proper disposition of the case was the judgment rendered.

Affirmed.