**TEXAS INDEMNITY INS. CO. v. HARLAN.**

No. 2853.

Court of Civil Appeals of Texas. Eastland.

Jan. 26, 1951.

Rehearing Denied Feb. 16, 1951.

Sentell, Beene & Rosser, Snyder, for appellant.

Scarborough, Yates, Scarborough & Black, Abilene, for appellee.

GRISSOM, Chief Justice.

This is a Workmen's Compensation case in which the claimant recovered judgment and the insurance carrier has appealed.

The sole question presented is whether the court erred in overruling appellant's motion for a continuance. Appellant alleged it could not safely go to trial on account of the absence of a witness, Arthur A. O'Dell; that the testimony of said witness was material and, if present, he would testify that claimant was injured and laid off a while and signed a receipt of settlement for compensation by reason of such injury; that he went back to work and had worked three months when he complained to Mr. O'Dell that his back was giving him trouble, whereupon, O'Dell took him to a hospital where an operation was performed; that since the operation there has been a "discussion between them as to his disability; that claimant admitted to O'Dell that his disability would not keep him from working; that he would like to go back to work; that *in the event* there is a 'discussion' as to why claimant did not go back to work, then O'Dell would be present representing the defendant and 'state the reasons, *if any,* why Mr. Harlan was not put back to work, all of which will be highly prejudicial *in the event that it is testified to* without Mr. O'Dell having an opportunity to present the defendant's side of such controversy." (Italics ours).

With reference to diligence, appellant's attorney alleged he has used due diligence to procure the attendance of said witness, in that, it was his "impression that such case was originally set for 7–30–50, or July 30, 1950, and upon it having been called to his attention that such case was actually set for June 30, 1950, that he immediately began trying to get in touch with such witness and was only able to do so at 4:00 P.M. on June 29, 1950, and at which time he learned that such witness could not be present because he was in

the process of handling the transfer of properties belonging to Barnsdall Oil Company, and that such witness was at the time of such telephone conversation in the city of Shreveport, Louisiana and would not be able to attend court in Snyder, Texas at 9:00 A.M., June 30, 1950."

The motion was contested by appellee who alleged, in substance, that on June 2, 1950, appellee's counsel wrote the court and asked that the case be set for June 19th and sent a copy of said letter to O'Dell; that, before June 19th, appellee's counsel wrote appellant's counsel that he would be in court on June 19th and ask that the case be set; that appellant's counsel was present in court on June 19th and the case was set for trial and appellant had ample time to procure said witness and that appellant had not set out the testimony said witness would give; that any testimony as to any conversation between claimant and O'Dell about the amount of disability was had in an attempt to settle the case and was not admissible. Appellee further alleged that appellant had Harlan operated and had known about his claim for more than a year and had ample time to prepare for trial and that appellant's counsel had told appellee's counsel he would be ready to try the case on June 30th.

In the order overruling appellant's motion for continuance the court stated that, in addition to the facts alleged in the contest by appellee, the case was set for June 30th and was never set for July 30th, which was on Sunday, but that, through error, there was a notation, presumably on the court's docket, that the case was set for "7-30th."

Texas R.C.P. 252 provides that if the grounds of an application for continuance be the want of testimony the applicant shall make affidavit that the testimony is material "showing the materiality thereof" and that he has used due diligence to procure the desired testimony, "stating such diligence;" and, if the application be on account of the absence of a witness, he shall "state the name and residence of the witness, and what he expects to prove by him * * *" It is evident that the motion does not comply with the rule in all respects.

R.C.P. 252 is a re-statement, without change, of repealed Art. 2168. The rule requires not only that the party seeking a continuance shall make affidavit that the testimony of the absent witness is material, but also that he shall show the materiality thereof. Appellant's brief does not attempt to point out wherein it was deprived of any material testimony relative to any disputed issue. Appellant merely says that the refusal of a continuance deprived it of its only witness, other than medical witnesses, on "very material issues." We are not apprised as to what material disputed issues Mr. O'Dell's testimony would be pertinent and admissible. As shown by the quotation from appellant's motion for continuance, appellant contended that the absent witness' testimony was desired relative to a "discussion" between the witness and appellee as to his disability after an operation and that appellee admitted to the witness that such disability would not prevent him from working and that he would like to return to work. According to its motion, appellant deemed such testimony of the absent witness material and necessary only in the event appellee presented evidence as to such matters, in which event appellant desired to have the absent witness present to "state the reasons, if any, why Mr. Harlan was not put back to work." Appellant does not show that the evidence to which appellant desired O'Dell to reply, in the event it was elicited by the appellee, was produced by appellee. On the contrary, appellee states that such testimony was elicited by appellant and the record appears to support such statement.

We think the materiality of the absent testimony is not shown. To entitle appellant to a reversal of the judgment because the court overruled its motion for continuance appellant is required to show that the testimony sought was material, relevant and admissible. Hyman v. Grant, 102 Tex. 50, 112 S.W. 1042; Sovereign Camp, W. O. W. v. Gomez, Tex.Civ.App., 129 S.W.2d 784, 785; Texas Mut. Life Ins. Ass'n v. Wilson, Tex.Civ.App., 19 S.W.2d 591, 595. Of course, appellant could not

elicit such testimony and then have the judgment reversed because of the absence of its witness, who, it alleges, would refute the testimony adduced by it. See Hyman v. Grant, supra. To authorize a reversal of the judgment, appellant is required to show injury. Texas Power & Light Co. v. Hering, Tex.Sup., 224 S.W.2d 191, 192.

The application did not comply with the requirements of R.C.P. 252. It does not state the facts, as distinguished from conclusions, to which the witness would testify; it does not conclusively show diligence. It does not state the residence of the absent witness. Under the circumstances, overruling the motion was a matter within the discretion of the court. Its decision is presumed to be proper and should not be disturbed in the absence of a showing that such discretion was abused. Dittmar v. St. Louis Union Trust Co., Tex.Civ.App., 155 S.W.2d 388, 391, writ ref.; Butcher v. Tinkle, Tex.Civ.App., 183 S.W.2d 227, 230, writ ref.

The rule requires that an application for a continuance must contain the statement that defendant used due diligence to procure the desired testimony, "stating such diligence". The motion for continuance states that appellant's counsel has used due diligence to procure the presence of said witness, in that, counsel was under the impression that the case was set for July 30th; that upon having it called to his attention that the case was actually set for June 30th, instead of July 30th, counsel immediately began trying to get in touch with the witness; that he was only able to get in touch with the witness at 4:00 P.M. on the day preceding the day the case was set for trial; that when he did get in touch with the witness over the telephone he learned that O'Dell could not be present "at 9:00 A.M., June 30, 1950," because he was in the process of handling the transfer of properties belonging to Barnsdall Oil Company; that the witness was then in Shreveport, Louisiana and would not be able to attend court at 9:00 A.M. the next morning. This was not a showing of diligence contemplated by the rule. It does not show why counsel

was under the erroneous impression that the case was set a month later than it was. It does not show when he learned the case was set for June 30th instead of July 30th, the latter date being on Sunday. It does not show when he began trying to get in touch with O'Dell. He evidently knew and had known since the beginning of the case that the witness was an official of Barnsdall Oil Company, appellee's employer, and of his connection with the case. The motion does not conclusively show that any effort was made to obtain the testimony of O'Dell until shortly before appellant's counsel talked to O'Dell on the telephone at 4:00 P.M. on the day before the case was set for trial. Clearly, diligence is not conclusively established. Service Mut. Ins. Co. of Texas v. Territo, Tex.Civ. App., 147 S.W.2d 846, 848.

R.C.P. 252 provides that if the application for a continuance be on account of the absence of a witness the appellant shall state the name and residence of the witness and what he expects to prove by him. The residence of the witness is not stated. The court could not know that appellant had exercised due diligence to obtain the testimony of the absent witness unless it was apprised of the residence of the witness. If the absent witness was a resident of the county where the suit was pending, to prove diligence, appellant was required to show that said witness had been subpoenaed, if he could have been subpoenaed. If the witness was a resident of Louisiana he was required to timely take his deposition. If he depended on some plan different from that required by law, he acted at his own peril. Sanders v. Kansas City Life Ins. Co., Tex.Civ.App., 152 S.W.2d 506, 508, Writ Ref; Texas Employers' Ins. Ass'n v. Locke, Tex.Civ.App., 224 S.W.2d 755, 757; Home Ins. Co. v. Williams, Tex. Civ.App., 84 S.W.2d 876; Peveto v. Richardson, Tex.Civ.App., 38 S.W.2d 133, 136; Standard Fire Ins. Co. of Hartford, Conn. v. Buckingham, Tex.Civ.App., 211 S.W. 531, 533; Galveston, H. & S. A. Ry. Co. v. Harris Bros., Tex.Civ.App., 211 S.W. 255, 258; Goffinet v. Broome & Baldwin, Tex. Civ.App., 208 S.W. 567, 571.

The judgment is affirmed.