261 S.W.2d 472 (1953)
MITCHELL
v.
M. M. M., Inc.
No. 12600.
Court of Civil Appeals of Texas, Galveston.
October 8, 1953.
Rehearing Denied October 29, 1953.
Gavin Ulmer and J. H. Burr, Houston, for A. J. Mitchell.
Vinson, Elkins, Weems & Searls, B. Jeff Crane, Jr., Houston, for M. M. M., Inc.
CODY, Justice.
This case involves two questions of the first impression in this State. (1) Can a professional engineer who has become registered under the provisions of Art. 3271a, *473 Vernon's Ann.Texas Statutes, but who has failed to renew his certificate of registration for at least two consecutive years, recover judgment on a contract for his engineering services which was entered into and fully performed after said certificate had expired for failure to be renewed? And, (2) Are professional engineering services which are performed by a professional engineer "services rendered" or "labor done", within the meaning of R.C.S. Art. 2226, Vernon's Ann.Civ.St. art. 2226, allowing recovery of reasonable attorney's fees on claims therein provided for?
The facts in this case were that the defendant, M. M. M., Incorporated, had contracted to do the work involved in transforming a certain steamship so as to fit it to be used in the carrying trade of a third party, and defendant then subcontracted a portion of its said contract to plaintiff, A. J. Mitchell. The services which plaintiff agreed under a subcontract to perform for defendant consisted of air-conditioning and installing refrigeration in certain areas of the S. S. Aminoil. The engineering services which plaintiff so agreed to perform more specifically consisted of "Consultation with the officers, agents and employees of defendant and with others relative to the plans, labor and material for such work; preparation of designs and plans for such work and specifications for the materials to be used in same and the installation thereof; and supervision and inspection of the work as it progressed to secure compliance with such plans and specifications."
The consideration which it was agreed that defendant should pay plaintiff for the performance of said services was the sum of $8,000. And plaintiff had fully performed the services in question on October 1, 1949. Prior to the completion of said services, defendant paid on said contract to plaintiff the sum of $2,750, leaving unpaid the balance of $5,250. On November 1, 1949, plaintiff duly presented his bill to defendant for said unpaid balance. Defendant has failed and refused to pay said balance, and has continued such failure, solely upon the ground that, at the time the contract sued upon was made and performed, plaintiff was not authorized to practice his profession of engineering in the State of Texas, because he had permitted his certificate of registration to expire by failure to pay the fees required by Art. 3271a, in order to keep said certificate renewed and in good standing.
Plaintiff has duly employed the honorable Gavin Ulmer, an attorney of Houston, and the facts are such that plaintiff would be entitled to recover attorney's fees under Art. 2226, if said statute is applicable to plaintiff's claim.
The court, trying the case without a jury, found that reasonable attorney's fees amounted to the sum of $2,625, and awarded judgment to plaintiff against defendant for the unpaid balance due under aforesaid contract, in the sum of $5,250. The court was of the opinion that Art. 2226 was not here applicable, and rendered judgment that plaintiff should not recover any attorney's fees. Each party has appealed from so much of the judgment as was unfavorable to him or it.
The parties have brought this appeal up under the agreed statement provided for under Rule No. 378, T.R.C.P. Under said Rule the parties may agree upon a brief statement of the case and of the facts proven in the trial court. The facts set forth above were so agreed to by the parties. The parties further agreed, among other things:
1. That plaintiff was duly registered as a professional engineer by the State Board of Registration for Professional Engineers on June 10, 1938, pursuant to Art. 3271a, aforesaid, and on August 18, 1938, said Board issued to plaintiff a certificate of registration.
2. That neither the said certificate of registration, nor said registration, has ever been revoked.
3. That the plaintiff did not during the month of December, or at any other time during the years 1948 and 1949, pay the fee required by Section 16 of Art. 3271a.

*474 Opinion
We affirm so much of the judgment as awarded plaintiff judgment for the unpaid balance due under the contract.
Section 1 of Art. 3271a makes it clear that the Act in question was enacted as an exercise of the State police power, to "safeguard life, health, and property". And said statute, in Section 1, provides, that "it shall be unlawful for any person to practice * * the profession of engineering in this State * * * unless such person has been duly registered or exempted under the provisions of this Act."
The Act in question provides for and sets up a Board which is charged with the duty of aiding in the enforcement of its provisions. And Section 23 thereof specifies what shall constitute violations of the Act, and specifies the penalties for said violations. It is enough here to state that defendant does not contend that plaintiff in any way violated the provisions of the Act, or incurred any penalties thereunder. The most that defendant contends is that plaintiff did not pay the fee provided for in Section 16 of the Act, during the years 1948 and 1949. Said section reads as follows:
"Certificates of registration shall expire on the last day of the month of December following their issuance or renewal and shall become invalid on that date unless renewed. It shall be the duty of the Secretary of the Board to notify every person registered under this Act of the date of the expiration of his certificate and the amount of the fee that shall be required for its renewal for one (1) year; such notice shall be mailed at least one (1) month in advance of the date of the expiration of said certificate. Renewal may be effected at any time during the months of December by the payment of a fee of Five ($5.00) Dollars. The failure on the part of any registrant to renew his certificate annually in the month of December as required above shall not deprive such person of the right of renewal, but the fee to be paid for the renewal of a certificate after the month of December shall be increased ten (10%) per cent for each month or fraction of a month that renewal payment is delayed; provided, however, that the maximum fee for delayed renewal shall not exceed twice the normal renewal fee." (Emphasis supplied.)
It is nowhere provided in Section 16, nor in the Act, that failure to pay the renewal fee renders it unlawful for a registered engineer to practice his profession in the State. Having qualified and registered under the Act, the practice of his profession by the plaintiff in the State could not be, under the terms of the Act, a menace in any sense to life, health or property. It is true that the Act contemplates that the money necessary to the enforcement of the provisions of the Act, and to meet the expenses of the Board, is dependent upon the payment and collection of the fees provided for in the Act. But, as stated, the Act nowhere makes it illegal for a registered engineer, whose certificate has expired, to practice engineering in the State. The public policy declared by said Act is merely that it shall be unlawful for any but a registered engineer to practice in the State.
It is true that Section 15 of the Act, among other things, provides "In case of a registered engineer, the certificate shall authorize the practice of professional engineering. * * *" And said Section further provides that "The issuance of a certificate of registration by this Board shall be evidence that the person named therein is entitled to all rights and privileges of a registered professional engineer, while the said certificate remains unrevoked or unexpired." (Emphasis supplied.) But, for a registered engineer to be without authority to practice his profession within the State, though registered, is a very different thing from it being unlawful for him to practice engineering within the State. The difference is the same as between an act which is unlawful, and one which is ultra vires. Such differences are often met with under the doctrine of ultra vires. "There is a plain distinction between corporate acts which are invalid because they are beyond the powers of the corporation and acts which are illegal or contrary to public policy." 10 Tex.Jur. p. 894. In this connection it is to be borne in mind that a corporation *475 may engage in the practice of professional engineering in this State under certain circumstances. Section 17, Art. 3271a. And whether a corporation has acted in excess of its powers can only be raised by one interested in the corporation, or in a direct proceeding brought by the State. Staacke v. Routledge, 111 Tex. 489, 501, 241 S.W. 994. By the same parity of reasoning, the defendant in this case is in no way concerned with whether the plaintiff has paid the fees provided for by Section 16 of the Act. It may well be that, if the contract between plaintiff and defendant was wholly executory, the defendant would be entitled to raise the issue of plaintiff's authority to practice his profession in the State. But here the plaintiff has fully performed his obligations under the contract, and the defendant has received the full benefit of such complete performance. And the same rule should apply here as in a like case under the doctrine of ultra vires, as applied to a corporation. It is the settled law of this State "that where there is a question of a contract between a corporation and another party, and the contract has been performed by the other party, and the corporation has received the benefit of the contract, it will not be permitted to plead that, on entering into the contract it exceeded its chartered powers." Bond v. Terrell Cotton & Woolen Manufacturing Co., 82 Tex. 309, 311, 312, 18 S.W. 691, 692. "This rule operates conversly." 82 Tex. at page 312, 18 S.W. at page 692.
In short the plaintiff here did nothing illegal, or contrary to public policy. This case presents an entirely different situation from that of a person who violates the law which requires that a person obtain a license before engaging in a particular activity, in order to safeguard the public in life, health or property.
We realize that, if all engineers, after having qualified and registered under Art. 3271a, should fail or neglect to pay the fees contemplated by Section 16, the Board would in all probability be greatly hampered in the performance of its duties. However, when statutes are first enacted they not infrequently contain defects which the Legislature in good time corrects. Here the Legislature has required that notice be given of the date that payment of the renewal fee is due. But no such notice is here provided for as is provided for lawyers in order to keep their membership in the State Bar in good standing. See Stokes v. Sundermeyer, Tex.Civ.App., 170 S.W.2d 583. In no event does the language of Art. 3271a require a construction that a registered engineer shall forfeit his right to be paid for services which another has accepted, merely because such registered engineer through neglect or otherwise permitted his certificate to expire or become invalid.
R.C.S. Art. 2226 provides for reasonable attorney's fees for a person having a valid claim against a person or corporation "for personal services rendered, labor done * * *", and provides additionally for attorney's fees for other claims. We have carefully reconsidered the question of whether the services for which plaintiff is here seeking to recover are for "personal services rendered" or "labor done." This language is broad enough to include claims for every service rendered which involve mental or physical effort. See Felton v. Johnson, 112 Tex. 412, 247 S.W. 837. In Bellinger v. Schutte, Tex.Civ.App., 244 S. W.2d 261, 264, writ refused, it was held that Art. 2226, as amended in 1949, must be construed in keeping with its plain unambiguous language. When so construed, we are constrained to hold that it embraces this claim, sued on by plaintiff.
Upon the motions for rehearing we have had the benefit of consultation with Chief Justice Hamblen. Our former opinion is withdrawn, and our former judgment is set aside. The trial court's judgment awarding plaintiff recovery of the balance sued for in the sum of $5,250 is affirmed; and the trial court's judgment denying plaintiff recovery of attorney's fees in the sum of $2,625 is here reversed and rendered in plaintiff's favor. Judgment affirmed in part and in part reversed and rendered.