**PANHANDLE BROADCASTING COM-PANY et al., Appellants,**

v.

**Ralph D. CERCY, Appellee.**

**No. 7188.**

Court of Civil Appeals of Texas.

Amarillo.

Oct. 22, 1962.

Rehearing Denied Dec. 3, 1962.

Folley, Snodgrass & Calhoun, Amarillo, for appellants.

Sanderson & Bagley, Amarillo, for appellee.

CHAPMAN, Justice.

This is an appeal by Panhandle Broadcasting Company, a limited partnership, and D. P. Pinkston, Oscar L. Elmore, and Ray Winkler, individually and as general partners of Panhandle Broadcasting Company, Ltd. from a judgment based upon a jury verdict in favor of appellee, Ralph D. Cercy.

At the inception of this suit the company composed of the three named men owned Radio Station KZIP in Amarillo, and Mr. Elmore and Mr. Pinkston, as a partnership, owned radio stations at Lubbock and San Angelo in Texas and at Colorado Springs in Colorado. Appellee, prior to the filing of this suit, had worked at all the stations except the one in San Angelo.

This suit was initiated by appellee to recover for services rendered the company as commercial manager in charge of sales. Cross action was then filed by the Company and also by Mr. Elmore personally against appellee on a promissory note made by appellee and payable to Elmore.

Special issues were submitted by the court to the jury upon the questions considered by the court to have been raised. Some were answered favorable to appellee and some against him. Judgment was rendered by the court in accordance with the findings made by the jury. It is from that judgment appeal is perfected to our court upon sixteen points of error, the first of which is the alleged error of the trial court in refusing a third motion for continuance because of the absence of Mr. Pinkston due to the illness of his wife in Colorado Springs.

The testimony of Mr. Pinkston was alleged to be essential both upon the cross action filed against appellee and as a defense to appellee's suit. The motion for continuance alleged it could not be secured by deposition.

This court has held that " * * * appellate courts of this state will not review a trial court's action in denying an application for continuance unless the discretion of the lower court has been abused, and the abuse is clearly disclosed." Mitchell v. Mitchell, Tex.Civ.App., 233 S.W.2d 187 (NWH). See also Rules 251 and 252 Texas Rules of Civil Procedure.

In the motion for continuance only generalized statements were made as to what Mr. Pinkston would testify to if present. The motion was made both for Mr. Winkler and Mr. Pinkston, but the former came to the trial and testified, so there is only the question left on this point of the refusal to continue the case because of the absence of Mr. Pinkston. The motion said, " * * * each of them have within their own knowledge, facts that are necessary to the proper defense of the plaintiff's claim herein, in that each of said defendants are personally acquainted with and were directly involved through personal contact and correspondence with plaintiff upon all the transactions sued upon by the plaintiff herein; * *." The motion then stated in effect that Mr. Pinkston is the only one directly and personally involved with appellee arising out

of his employment at KPIX in Colorado Springs, Colorado, and that his testimony is absolutely necessary to establish such claim.

As may readily be seen from such motion, it consisted only of conclusions of the pleader. There is not any detailed testimony set out—not one single specific statement as to what Mr. Pinkston would testify to if present whereby the court could determine the materiality of such absent testimony or to enable the adverse party to admit the truth of the same and thus prevent a further delay of the trial. Under such a situation our court speaking through Judge Folley has held the trial court did not abuse its discretion in refusing a motion for continuance. Sanders v. Kansas City Life Ins. Co., Tex.Civ.App., 152 S.W.2d 506 (writ refused). See also Davis v. National Acceptance Co., Tex.Civ.App., 233 S.W.2d 321 (NRE); Texas Indemnity Ins. Co. v. Harlan, Tex.Civ.App., 236 S.W.2d 564 (Writ Dismissed); Wilson Finance Co. et al. v. State of Texas, Tex.Civ.App., 342 S.W.2d 117 (NRE).

It has also been held in this state that where the motion does not in every way comply with the rule setting out the requirements in a motion for continuance, the presumption is that the court did not abuse its discretion. Jinks v. Jinks, Tex.Civ.App., 205 S.W.2d 816 (NWH). Accordingly, we believe we have no alternative except to hold that the trial court did not abuse its discretion in overruling the motion for continuance.

The next point asserts error in awarding attorney's fees to appellee. There was testimony to the effect that $500 would be a fair fee for the services rendered. Appellants did not question the attorney who testified to that amount being a fair fee and offered no testimony to the contrary. The recovery was sought under Article 2226 Vernon's Ann.Civ.St. permitting recovery for personal services rendered and labor done. The record shows demand was made and that it was not satisfied within thirty days from the date of demand. Appellee's contract of employment was based completely upon personal services rendered to the appellants. He had nothing else to offer them.

Article 2226 provides that if the claim for services has not been satisfied at the expiration of thirty days notice and he should later obtain judgment for any amount thereof, he may also recover a reasonable amount as an attorney's fees.

It has been held that the statute is broad enough to include claims for every service rendered which involved mental or physical effort. Mitchell v. M. M. M., Inc., Tex.Civ. App., 261 S.W.2d 472 (reversed on other grounds, 153 Tex. 227, 265 S.W.2d 584).

It was undisputed that part of the contract of employment provided if appellee was discharged without cause before the end of the year for which he was employed, he would be entitled to $300 per month for the remainder of the year. The jury held appellee was discharged without cause so the penalty provided in the contract would still constitute payment for services, part of the incentive to enter into the contract for personal services. Additional to the $500 attorney's fees, recovery was made for $1,952.82. Our Supreme Court has held that it is the province of the jury to determine what is a reasonable attorney's fee, and that they may take into consideration the facts before them in relation to the services rendered, as well as the estimates made by the testimony of the attorney. Gulf Paving Co. v. Lofstedt et al., 144 Tex. 17, 188 S.W.2d 155. We hold the amount assessed by the jury was reasonable for the services rendered when considered in connection with the amount involved and the amount of recovery. Accordingly, points two and three are overruled.

Points of error four and five assert there was no evidence and alternatively the jury finding was against the great weight and preponderance of the evidence on the special issue inquiring if the $200

paid to appellee shortly after his employment at Station KZIP was to be repaid.

Appellee testified he was compelled to move from Colorado Springs to Amarillo upon two days notice when he went to work at KZIP and had to live in a motel with his family for awhile. He testified Mr. Winkler told him they knew he had been out a lot of expense and " * * * we will take care of this incidental expense you have been out." We hold such testimony was sufficient upon which the jury could base their answer. Mr. Winkler denied it but it was within the province of the jury to judge the credibility of the witnesses and the weight to be given to their testimony. Ford v. Panhandle & Santa Fe Ry. Co., 151 Tex. 538, 252 S.W.2d 561. Therefore, we cannot say the answer was against the great weight and preponderance of the evidence.

■ The exact same contention is made in points six and seven to the jury's answer to special issue four inquiring what amount appellee owed to Mr. Elmore on the note in the original sum of $800 introduced into evidence. We believe these points are well taken. The record shows $600 was paid on the note in cash and $121.85 for the sale of an automobile, making a total of $721.85 paid on the note. The record shows $134.99 is still due on the principal and interest. There is not any probative evidence to overcome such testimony. At least the jury answer is contrary to the great weight and preponderance of the evidence.

■ The same attack as that made on special issues three and four is made on special issues five and six inquiring if the parties agreed that the moving expenses from Lubbock to Colorado Springs and from Colorado Springs to Amarillo were to be reimbursed. The jury made a negative finding to the two issues.

There is direct evidence by appellee that appellants agreed to pay his moving expenses to Amarillo, and it is amply sufficient to support the answer by the jury in that regard. We have searched carefully through the record and have been unable to find any probative evidence to support the negative finding by the jury to the issue inquiring if the parties agreed appellee was to reimburse appellants for the expense of moving from Lubbock to Colorado Springs. That amount was $386.29. There is no evidence to support the jury finding. There is sufficient evidence to the effect the amount was owing. It was carried on the books as an item to be paid. There being no evidence as a matter of law to support the issue, the point must be sustained.

■ The next points we reach for discussion are appellants' contentions to the effect that the jury's answer to special issue eight is not supported by any evidence and that alternatively it is contrary to the great weight and preponderance of the evidence. That issue inquires if appellee was discharged from his employment at Radio Station KZIP for cause. The jury answered negatively. Appellee testified as follows:

"Q. Your duties there under your contract were to have been what?

"A. I was sales manager, coordinating sales, directing the sales efforts, and managed the sales crew of the radio station.

"Q. And did you perform those duties in accordance with your contractural agreement?.

"A. I certainly did.

"Q. You performed them in accordance with your contractural agreement?

"A. I certainly did."

The tenor of the testimony to the contrary is that appellee was not getting the results in business appellants thought he should and not collecting as well as they wanted. This created a fact issue as to whether or not he was discharged for cause, which was resolved in favor of appellee. It was the prerogative of the jury to judge the credibility of witnesses and the weight to be given to

their testimony and to resolve the conflicts and inconsistencies. Ford v. Panhandle & Santa Fe Ry. Co., 151 Tex. 538, 252 S.W.2d 561.

■ Both the no evidence and great weight and preponderance of the evidence rules are urged to the jury's answer to special issue nine. That issue inquires if there was an overpayment of salary received by appellee while he was employed at Radio Station KPIK in Colorado Springs. The testimony favorable to appellee is as follows:

"Q. Ask you whether or not on every pay day you wrote yourself a check?

"A. I did, yes, sir.

"Q. In what amount did you make that check?

"A. I made a check on each pay period, first and fifteenth, for $335.00, and on the first of each month I drew a hundred dollar car allowance, which came to a total of of $770.00.

"Q. And was that the figure that had been agreed you were to receive?

"A. Yes, agreed upon as a guarantee."

He further testified when he noticed appellants were carrying withdrawals on their books against him, he called Mr. Pinkston about it and " * * * he said not to worry about it, that it was carried on the books for tax purposes"; that he continued to draw the $770 each month and it was brought up again by Mr. Elmore, and Mr. Pinkston said, "Well, we will forget about this; Cercy and I have talked about it and we understand about it and we will forget about it."

Mr. Elmore testified contrary to the evidence just related but the jury resolved the issue in favor of appellee. It has been held that a jury may believe one witness and disbelieve others and may resolve conflicts and

inconsistencies in the testimony of any one witness as well as the testimony of different witnesses. Muro v. Houston Fire & Casualty Insurance Company, Tex.Civ. App., 329 S.W.2d 326 (NRE); Ford v. Panhandle & Santa Fe Ry. Co., 151 Tex. 538, 252 S.W.2d 561, 563. Under these authorities and the authorities there cited, we do not believe we would be authorized in holding the issue was against the great weight and preponderance of the evidence.

■ The last point urges reversible error in the jury argument of appellee's counsel.

There is no formal bill of exception in the record showing the alleged argument, nothing in the statement of facts showing it, nor is there any place in the record where the court certifies to the correctness of the complaint. Under this state of the record there is nothing for us to review. 4 T.J.2d Appeal and Error p. 33, sec. 500 and the cases there cited.

The record shows appellee still owes $134.99 on the note inquired about in special issue No. 4 and that he still owes for the moving expenses advanced to him when he moved from Lubbock to Colorado Springs in the amount of $386.29.

Therefore, this case is reversed and remanded unless within fourteen days from the date of this opinion Ralph D. Cercy files a remittitur in the amount of $521.28. In the event such remittitur is filed, the judgment of the trial court will be reformed to conform with the above conclusion and as reformed, affirmed.

## ON MOTION FOR REHEARING

■ A study of Appellants' Motion for Rehearing has led us to believe we were in error in holding that the $1,500 recovery for five months remaining on the contract for personal services was within the category for which appellee was entitled to a claim for attorneys' fees for personal services rendered under Article 2226 V.A.T.S. in bringing suit upon the claim for $1,500.

Statutes authorizing recovery of attorneys' fees are penal in character and are to be strictly construed. Van Zandt et ux. v. Fort Worth Press et al., Tex., 359 S.W.2d 893.

When the above named article is construed strictly, the $1,500 constituted a recovery for personal services *not rendered* rather than personal services rendered. The statute says for "personal *services rendered*" (emphases ours).

The Supreme Court through Chief Justice Calvert in the case last above cited said:

"Perhaps every successful litigant should be permitted to recover his attorney fees from the opposite party. But whether that policy would be wise is for the Legislature, not the courts, to decide. Apparently the Legislature has not thought it wise. But however that may be, the Legislature has not authorized a recovery of attorney fees in suits on claims such as that involved in this case."

Under a strict construction of the statute here involved we believe we have to say that the Legislature has not authorized recovery of attorney fees in a suit on a claim such as the $1,500 item here under consideration. We still believe we are correct in holding that the $452.82 item would come within the statute. The personal services rendered was that of a commercial manager. The commissions, regardless of the individual who sold the advertising that made possible the commissions, constituted income from appellee's personal services rendered as commercial manager. Appellants' pleading denied they owed appellee anything, so the suit had to be filed and prosecuted in order to recover. Because of the aggressive manner in which it was contested and all the cross actions appellee had to overcome in order to recover, we believe an attorneys' fee of half that recovery was reasonable.

Therefore, the case is reversed and remanded unless within seven days from the date of this announcement Ralph D. Cercy files a remittitur of $273.59 in addition to the remittitur heretofore filed. In the event such remittitur is filed, the judgment of the trial court will be reformed to conform with the above conclusion and as reformed, affirmed.